CRUMPLEY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad :** CROSSING : PERSONAL INJURY : DAMAGES. The wrongful death of a person at a railroad crossing, occasioned by the negligence of the company's servants in failing to ring the bell or sound the whistle, comes within the provisions of Revised Statutes, 1879, section 2121, and, where an action can be maintained by the representatives designated therein, the measure of damages is five thousand dollars.

2. ——— : ——— : ——— : ———. But where the death results from the failure of the company to maintain a lawful crossing, the case does not come within section 2121, Revised Statutes, 1879, and it is error to direct a verdict for five thousand dollars.

3. ——— : ——— : ——— : ———. Where the petition charges negligence in failing to ring the bell or sound the whistle, and also failure to construct and maintain a lawful crossing, and it cannot be told upon which ground the jury based their verdict for five thousand dollars, the judgment will be reversed.

*Appeal from Buchanan Circuit Court.*—Hon. Jos. P. Grubb, Judge.

Reversed and remanded.

*Strong & Mosman* for appellant.

(1) A recovery of five thousand dollars is only authorized in a case falling within the provisions of section 2121, Revised Statutes, 1879. That section does not authorize the recovery of any such penalty in the case of a citizen who is killed while driving along the public road in consequence of the failure of the railroad company to construct and maintain a crossing over its track. R. S. 1879, sec. 2121. (2) Plaintiff cannot recover under the first subdivision of that section, because the "negligence, unskilfulness or criminal intent of any officer, agent, servant or employe," referred to in that section must relate to the "running, conducting or managing of" a locomotive, a car, or a train of cars, and such "negligence, unskilfulness or criminal intent" must occur "whilst" such "officer, agent, servant or employe" is engaged in running, conducting or managing "a locomotive, a car, or a train of cars." *Schultz case*, 36 Mo. 26–27. (3) He cannot recover under the second subdivision, because the recovery permitted by it, in the case of a death "resulting from or occasioned by any defect or insufficiency in any railroad, or any part thereof," is, by its terms, confined to passengers. *Schultz v. Railroad*, 36 Mo. 24; *Higgins v. Railroad*, 36 Mo. 431–2. (4) A failure to construct a crossing, or a failure to maintain a crossing, is not a "defect or insufficiency in" the railroad within the letter or the spirit of the section. Potter's Dwarris, 184–185; *Rohback v. Railroad*, 43 Mo. 195; *Evans v. Railroad*, 62 Mo. 57; *Metallic Co. v. Railroad*, 109 Mass. 280; *Procter v. Railroad*, 64 Mo. 112; *Mann*

*v. Railroad*, 86 Mo. 347. (5) This instruction authorized a recovery of five thousand dollars, under section 2121, if the defendant failed to construct and maintain a crossing out of the materials mentioned, and in the manner described in section 809, R. S. 1879, regardless of the fact whether a failure in either of these particulars constituted a "defect or insufficiency in" the railroad within the meaning of that section. It might be true that the defendant had not constructed a crossing out of the materials mentioned in that section, and yet be true that there was no defect or insufficiency in the railroad. Section 2121 of the statute is a penal statute. "The words forfeit and pay are punitive." *Procter v. Railroad*, 64 Mo. 128–131 ; *Rafferty v. Railroad*, 15 Mo. App. 559. A penal statute must be strictly construed, so as not to enlarge the liability it imposes, nor allow a recovery unless the party seeking it brings his case strictly within the terms and conditions authorizing it. The right to recover under section 2121 "is a cause of action created by the statute, and no one can sue unless he brings himself strictly within its terms." *McNamara v. Slavens*, 76 Mo. 331 ; *Gibbs v. Hannibal*, 82 Mo. 148.

*White & Spencer* and *Green & Burnes* for respondent.

BLACK, J.—This is an action by the widow of Samuel Crumpley to recover damages in consequence of the death of her husband, who was killed by one of defendant's trains of cars, while he was driving a team over defendant's railroad at a public crossing. The causes of action set out in the petition, so far as brought forward as grounds of recovery, are, first, a negligent failure on the part of defendant's servants in charge of the train to ring the bell or sound the whistle, as required to do by section 806, R. S., 1879, and second, a failure on the part of the defendant to construct and maintain the

crossing in a manner and of the materials specified in section 807.

The court directed the jury that if they found for the plaintiff, either on the ground of a failure to ring the bell or sound the whistle, or on the ground of a failure to construct and maintain the crossing as prescribed by statute, or on both grounds, then they should assess the damages at five thousand dollars. The respondent has filed no brief in this court, and as the appellant's abstract does not set out the evidence, there is but one question before us for consideration, and that is whether there is error in the instructions as to the measure of damages.

The sections before mentioned are found in the statute law concerning railroad corporations, and section 806 contains this clause : "Said corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect," and section 807 contains a clause to the same effect. The contention is that as these sections give a remedy, and do not fix a penalty, the damages must be compensatory only, and that section 2121 of the personal damage act does not apply. In the application of section 2121, it can make no difference whether the negligence, resulting in death, is a breach of a statutory or a common-law duty. The same is true in those cases of negligence resulting in death, where the damages are to be assessed by the jury at some amount not exceeding five thousand dollars. Sections 2121, 2122 and 2123 of the damage act give to the representatives of the deceased person a cause of action where none existed in their favor at common law. In other words, if the injured party would have had a cause of action, had death not ensued, then these sections give to the designated representatives a cause of action, and if the case comes within section 2121, the defendant "shall forfeit and pay the sum of five thousand dollars."

The inquiry, then, is whether the present case comes within the terms of that section. The conditions of the first clause of section 2121 are, that death must result from or be occasioned by the negligence, unskilfulness, or criminal intent of the servant, whilst running, conducting or managing any locomotive, car or train of cars. The statute requiring the bell to be rung, or the whistle to be sounded, at these public crossings is a regulation for running the locomotive engine and cars. A failure to comply with the law is negligence *per se*, and negligence in this respect is negligence whilst running the locomotive and cars. If death results from such negligence, the case is within the statute fixing the damages or penalty at five thousand dollars. We have recently held that the widow of a servant, who was a track-walker, could recover this penalty for negligence on the part of servants in charge of a train which ran over and killed him, the deceased not being a fellow-servant with the servant in charge of the train. *Sullivan v. Railroad*, 97 Mo. 113. The statute is both penal and compensatory. The reason of the statute, as well as its letter, applies to a case where the person is killed at a crossing by reason of negligence of the servants in running the engine and cars, by reason of a failure to ring the bell or sound the whistle.

But if the negligence in this case consisted alone in a failure to construct and maintain a lawful crossing, then it cannot be said that the death resulted from, or was occasioned by the negligence of the servants whilst running the locomotive or cars. The negligence meant is that of the servants who are running or conducting the cars. If the plaintiff is entitled to recover the fixed sum of five thousand dollars because of negligence in a failure to provide the proper crossing, it must be under the second clause of section 2121. The conditions of that clause are, so far as it has any application to this case, "when any passenger shall die from any injury

resulting from or occasioned by any defect or insufficiency in any railroad, or any part thereof." The plaintiff's husband was in no sense a passenger, and for this reason the case does not come within this clause of that section. The court therefore erred in directing a verdict for five thousand dollars, if the jury found for plaintiff by reason of a defective crossing.

From the only abstract filed, it cannot be told on which ground the jury based their verdict; nor is there anything to show that they found for plaintiff on the ground of a failure to ring the bell or sound the whistle. The judgment is therefore reversed and the cause remanded. All concur.