KING v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

| 98 | 235 |
| 41a | 476 |
| 98 | 235 |
| 102 | 553 |
| 98 | 235 |
| 44a | 492 |
| 98 | 235 |
| 46a | 589 |
| 98 | 235 |
| 50a | 609 |
| 50a | 673 |
| 98 | 235 |
| 135 | 517 |
| 98 | 235 |
| 140 | 63 |
| 98 | 235 |
| 93a | 4164 |

1. **Practice :** CONTRIBUTORY NEGLIGENCE : RAILROADS. In an action by a wife against a railroad company for damages for the wrongful killing of her husband, where the defense is contributory negligence, it devolves upon the defendant to make out the defense to the satisfaction of the jury, and, where the evidence is conflicting, a demurrer to it, at the close of the case, is properly refused.

2. **Railroads :** WRONGFUL DEATH OF PERSON : PENALTY. Where the death of a person at a railroad crossing results from the failure of the company's servants to ring the bell and sound the whistle, the case comes within the first clause of section 2121, Revised Statutes, 1879, and the wife of such person may recover the sum of five thousand dollars.

3. ———— : ———— : ————. But if such death results from the failure of the railroad company to erect a signboard at the crossing, the amount of damages is governed by section 2123, Revised Statutes, 1879, not exceeding five thousand dollars, as the jury may deem fair and just, having reference to the necessary injuries.

**4.** ——— : PRACTICE : OPINION OF WITNESS. The general rule is that a witness must state facts and not give his opinion ; a witness should not be allowed to state whether or not a railroad crossing is dangerous for a stranger crossing there, but should state the facts disclosing the location and surroundings, and leave the jury to determine from them the question of danger.

*Appeal from Jasper Circuit Court.* — HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*T. J. Portis* and *T. G. Portis* for appellant.

(1) The trial court committed error in permitting the plaintiff's witness, John Small, against defendant's objection, to answer the question : "State whether or not that crossing is dangerous for a stranger crossing there ?" *Hurt v. Railroad,* 94 Mo. 255 ; *Road v. Leonhardt,* 5 Atl. Rep. 346 ; *Maur v. State,* 3 S. Rep. 207 ; *Belch v. Railroad,* 18 Mo. App. 80 ; *Kennedy v. Holliday,* 25 Mo. App. 513 ; *Tate v. Railroad,* 64 Mo. 153 ; *Gutridge v. Railroad,* 94 Mo. 468. (2) The defendant's instruction, in the nature of a demurrer to the evidence, as prayed at the close of the whole case, should have been given, because the uncontradicted evidence shows conclusively that the deceased's own negligence, carelessness and recklessness directly contributed to bring about his death. *Powell v. Railroad,* 76 Mo. 80 ; *Moody v. Railroad,* 68 Mo. 470 ; *Harlan v. Railroad,* 65 Mo. 22 ; *Railroad v. Houston,* 95 U. S. 697 ; *Donohue v. Railroad,* 91 Mo. 357 ; *Bell v. Railroad,* 72 Mo. 50 ; *Rine v. Railroad,* 88 Mo. 392 ; *Buesching v. Gas Co.,* 73 Mo. 229 ; *Lenix v. Railroad,* 76 Mo. 86. (3) The trial court committed error in the instructions given to the jury, especially in that part of the said instructions which told the jury if they found for the plaintiff they should "assess her damages at the sum of five thousand dollars." R. S. 1879, secs. 2121, 2122, 2123 ; *Proctor v. Railroad,* 64 Mo. 112 ; *Connor v.*

*Railroad*, 59 Mo. 285; *Flynn v. Railroad*, 78 Mo. 195; *Holmes v. Railroad*, 69 Mo. 536; *Elliott v. Railroad*, 67 Mo. 272.

*T. B. Haughawont* for respondent.

(1) The negligence of the appellant was proved beyond question. (*a*) In failing to ring the bell or sound the whistle eighty rods from the crossing, and in not continuing to ring the bell till the engine passed the crossing. (*b*) In failing to erect a signboard at the crossing. (*c*) In running the train at an unusual rate of speed. (2) It was not error in the court to admit the testimony of John Small and W. M. LaForce as to the crossing being dangerous to a stranger; that a stranger passing over the road would not be liable to see the crossing. Said evidence was admissible as non-expert testimony. Rogers on Expert Testimony, p. 4, secs. 3, 4, and cas. cit.; *Straus v. Railroad*, 86 Mo. 421; *Spears v. Richardson*, 34 N. H. 428; *Sydleman v. Beckwith*, 43 Conn. 9; *Clinton v. Howard*, 42 Conn. 294; *Railroad v. Calkins*, 90 Mo. 538. Even if the testimony of said witnesses on that point is not strictly admissible, nevertheless it is not reversible error. R. S. 1879, sec. 3775; *Straus v. Railroad*, 86 Mo. 433; *Robertson v. Railroad*, 84 Mo. 119. (3) Respondent claims that the suit was brought on sections 2121 to 2123 of the damage act, and consequently the court erred in giving instructions as to the damages being liquidated. We submit that the petition is based on section 2121, and the case was tried by appellant on that theory, for when respondent offered to prove damages the appellant objected. The cases cited by appellant have no application to this case, as in every instance the representatives of the employe of a railroad company sued, the court holding that section 2121, Revised Statutes, 1879, did not permit representatives of the employe of a railroad to sue for five thousand dollars under said section.

BLACK, J.—A freight train on defendant's road ran over and killed James King at a public crossing some six miles south of Carthage, on the second of April, 1885. King was traveling on the highway with a team and wagon. The plaintiff is his widow, and she bases her cause of action upon a failure of the servants in charge of the train to ring the bell or sound the whistle, as required by Revised Statutes, 1879, section 806, as that section has been amended; and also upon a failure of the defendant to place and maintain a signboard over the public road at the crossing as required by section 807.

The proof is clear and not disputed, that at the time of the accident, there was no signboard over the road at the crossing. A number of persons who saw the train testified that the bell was not rung nor the whistle sounded until the engine reached the crossing. Upon this point, the employes in charge of the train testified to the contrary, and their evidence tends to show a compliance with the law in respect of ringing the bell or sounding the whistle.

Defendant put in evidence tending to show a want of care on the part of deceased; but it is very much weakened by other evidence which shows that King had never before traveled the public road, was not acquainted with the crossing, and that the railroad could not be seen from the public road until within a few feet of the track.

The defendant, at the close of the case, asked an instruction in the nature of a demurrer to the evidence on the ground that the evidence showed that the negligence of the deceased contributed to his death, which instruction the court refused to give, and in this ruling there is no error. The defendant set up contributory negligence on the part of the deceased and produced two witnesses whose evidence tends to support the

defense, and on this evidence asked the instruction. It was for the jury, and not the court, to pass upon the value of this evidence, and it devolved upon the defendant to make out the defense to the satisfaction of the jury. Under the evidence, taken as a whole, the jury might well have concluded that there was no negligence on the part of the deceased, contributing to his death.

By the instruction given, the plaintiff was allowed to recover the fixed sum of five thousand dollars, whether the death resulted from a failure to ring the bell or sound the whistle, or from a failure to have erected a signboard. To award that amount, the jurors were not required to even find that the two causes combined to produce the death, but they were in terms told to give a verdict for five thousand dollars, whether death resulted from one or the other of these causes. To be entitled to recover five thousand dollars as a fixed sum the plaintiff's case must come within Revised Statutes, 1879, section 2121. That amount is allowed in the cases therein specified for a twofold purpose, first, compensation, and second, as a penalty to protect the public against repetitions of like wrongs. Now the deceased was not a passenger and for that reason, alone, plaintiff cannot recover under the second branch of that section, on the ground of a defective road or defective machinery. She may recover the penalty, if the death resulted from a failure to ring the bell or sound the whistle; for the case then comes within the first clause of the section. But if the death resulted from a failure to erect the signboard, then it cannot be said that her husband died from an injury occasioned by the negligence of defendant's servants, whilst running, conducting or managing the train of cars. Death caused from a failure to have or maintain a signboard at the crossing is in no respect different from a case of death occasioned by reason of a defective crossing, and in that case we have recently held that the amount of damages is governed by section

2123, namely, not exceeding five thousand dollars as the jury may deem fair and just, having reference to the necessary injuries. *Crumpley v. Railroad, ante,* p. 34. If the plaintiff's witnesses are to be believed, the merits of this case are with her, but for the error just considered the judgment must be reversed.

The counsel for plaintiff interrogated several witnesses after a fashion of which the following will serve as an example: "State whether or not the crossing is dangerous for a stranger crossing there?" The general rule is that witnesses must state facts and not give their opinion, and there is nothing in the matter here inquired about which takes this case out of the general rule.

The witnesses should have been required to state the facts, disclosing the location and surroundings at the crossing, and from them the jury can determine whether the crossing was dangerous or not. Possibly this error alone should not reverse the judgment, but be that as it may, the judgment must be and is reversed and the cause remanded for the error before noted. SHERWOOD, J., absent, the other judges concur.