| 106 | 423 |
| 108 | 487 |
| 106 | 423 |
| 112 | 435 |
| 106 | 423 |
| 55a | 404 |
| 106 | 423 |
| 126 | 671 |
| 106 | 423 |
| 135 | 519 |
| 106 | 423 |
| 140 | 63 |
| 106 | 423 |
| 152 | 461 |
| 106 | 423 |
| 88a | 362 |
| 89a | 126 |

RAPP v. THE ST. JOSEPH & IOWA RAILROAD COMPANY, *Appellant.*

DIVISION ONE.

1. **Railroads:** DAMAGE ACT: MEASURE OF DAMAGES. Under the damage act, Revised Statutes, 1889, section 4425, the statutory sum of $5,000 is not recoverable of a railway company, when the party killed was not a passenger, and his death resulted from other negligence than that occurring in the "running, conducting or managing any locomotive, car or train of cars." (*Crumpley v. Railroad*, 98 Mo. followed.)

2. **Contributory Negligence:** PRACTICE: INSTRUCTION. Where the evidence tends to show contributory negligence of the injured party, it is error to instruct the jury that "the law presumes that he exercised ordinary care."

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

THIS is an action by the widow of Henry Rapp for statutory damages on account of his death. He was struck and killed by an engine of defendant, at a public road crossing in Buchanan county, in 1887.

(423)

The petition charged (among other items) negligence, in that "at the time of the construction of said railroad, and at a point where the same passes through a deep cut near to said crossing, said defendant negligently caused banks of dirt to be thrown up alongside of said railroad, on its right of way and near thereto, and on top of the banks of said cut, which had been negligently allowed by defendant to remain at the place aforesaid since the construction of said railroad ; that, for more than one year before the injuries alleged, said defendant did negligently allow to stand alongside of said railroad on its right of way brush, weeds and other obstructions ; that alongside of said public road, which said Henry Rapp was traveling in approaching said crossing, and at the time of the injuries herein mentioned, and for more than one year prior thereto, there stood a hedge fence and other obstructions, all of which were calculated to, and did, as defendant then and there well knew, hinder persons traveling along said public road from seeing or hearing trains of cars on said railroad approach said crossing.

Then follow the charges of negligence in omitting to ring bell or blow whistle ; the death of Mr. Rapp, etc.

The answer, in addition to a general denial, pleaded contributory negligence.

The trial disclosed these facts : Mr. Rapp was well acquainted with the crossing. At the time of the accident he was alone, in a farm wagon, drawn by a span of mules, going eastward from the city of St. Joseph, along a public road, running east and west. He was on his way home. His wagon was struck by the engine of one of defendant's passenger trains, at a point six or seven miles east from the city, where the public road upon which he was traveling crosses the track of defendant's railroad.

The railroad track there extends in a northwesterly and southeasterly direction, running further east than

south.   The crossing is at the east end of a cut.   The railroad track extends from the crossing, northwesterly through the cutting six or eight hundred feet, then emerges upon an embankment and across a trestle bridge (at the west end of which stands the "whistling post," fourteen hundred and fifty feet from the crossing) and passes into another cut, known as the "Saxton cut" beyond.   Before entering the last-mentioned cut, it begins to curve to the southward, and continues to curve until it runs in a westerly direction.

The public road runs west from the crossing over the hill, through which the railroad is cut.   As it goes from the railroad up the hill it also passes through a cut.   Along the north side of this road from the right of way westward, for a quarter of a mile, a hedge extended eight or nine feet high, at the time of the accident.   Along the top of the railroad cut, and six or eight feet from the edge of the slope on the railroad right of way, piles of earth taken from the cutting when the railroad was built had been deposited.

Mr. Rapp was killed by a passenger train, going east at a speed of about twenty-eight or thirty miles per hour, except as modified by efforts to stop, after he was discovered.   The plaintiff's evidence tended to prove that no signal of bell or whistle was given of the train's approach.

There was evidence tending to show that there was a growth of weeds on top of the slope of the railroad cutting, on the north side of the public road.

In the direction from which Rapp was coming there was a point in the public road twenty-eight rods from the railroad, from which a man, seated in a wagon, could see a train for a short distance, as it emerged from the Saxton cut, and entered the cut terminating at the place of the accident.   From that point to the point where the public highway entered the cutting leading down the hill to the railroad track, the railway was hidden from the traveler by a thick hedge, eight or

nine feet high, in full foliage. Until reaching a point very close to the track no view toward the west could be had along it by the deceased, or other person approaching from that side.

It will not be necessary to give the full particulars of the testimony, as will appear later from the view taken of some parts of the case.

The court, among other instructions, gave the following: "8. The court instructs the jury that it was the duty of defendant to construct and maintain its railroad and the approaches thereto free from such obstruction as would prevent or hinder persons attempting to cross said railroad at the public road crossing mentioned in evidence from seeing or hearing the approach of trains on said railroad, and the court instructs the jury that if they find from the evidence that defendant placed banks or piles of dirt along or near its railroad, or negligently allowed the same to be and exist on its right of way, or negligently permitted weeds, brush or other obstructions to exist on its right of way which it did not cut off, which obstructed or hindered Henry Rapp from seeing or hearing the approach of the train mentioned in the evidence, and on account thereof, while said Henry Rapp was using ordinary care in attempting to cross said railroad, he was run over and killed by said train of cars, then the jury must find for plaintiff."

"10. The court instructs the jury that if they find for the plaintiff they will assess the damages at $5,000."

The judgment was for plaintiff in the amount of $5,000, after verdict to that effect; and after the usual motions, etc., the defendant appealed.

The other facts bearing on the points discussed are stated in the opinion.

*Brown & Craig* for appellant.

(1) The jury were told that if the injury resulted from certain faults in the construction or maintenance

Rapp v. The St. Joseph & Iowa Ry. Co.

of defendant's railroad, which prevented Rapp from either seeing or hearing the train, however carefully it might have been run and operated by the servants in charge of it, they should assess the plaintiff's damages at $5,000. The eighth instruction expressly makes these alleged defects of construction and maintenance independent grounds of recovery. If there has ever been any reason to suppose that the forfeiture imposed by the second section of the damage act ( R. S. 1889, sec. 4425 ) applied to cases of this kind, it has now been otherwise too well settled by the decisions of this court to admit of argument. *Crumpley v. Railroad*, 98 Mo. 34; *King v. Railroad*, 98 Mo. 235. ( 2 ) The court erred in giving the fifth instruction asked by plaintiff. It told the jury that " the law presumes deceased did exercise such ( ordinary ) care, and it devolves upon the defendant to show by the evidence to the contrary, in order to find for the defendant on the ground of contributory negligence." There is no such presumption of law. The presumption of due care is only one of fact, and " only has the force of evidence while it remains uncontested." *The Resolution*, 2 Dal. 19–23; *Moberly v. Railroad*, 98 Mo. 183; *Ham v. Barrett*, 28 Mo. 388; *Mynning v. Railroad*, 64 Mich. 93; *Railroad v. Stebbing*, 62 Md. 504; *Whitsett v. Railroad*, 25 N. W. Rep. 107. Presumptions of fact only obtain in the absence of evidence. *Spaulding's Case*, 33 Wis. 582; *The Resolution, supra*. In this case there was abundant evidence upon the question of contributory negligence.

*Spencer, Burns & Mosman* for respondent.

BARCLAY, J.—This action was brought under the damage act ( R. S. 1889, ch. 49 ) for the negligent killing of Henry Rapp, the late husband of plaintiff.

The judgment in the trial court cannot be supported in view of several recent decisions here.

I. The case was submitted to the jury so as to authorize a verdict for plaintiff in the sum of $5,000, if

the jury found that the death of the plaintiff's husband resulted from negligence of the defendant in permitting weeds, brush or other obstructions to exist on its right of way near the public crossing at which Mr. Rapp was killed.

The fixed sum of $5,000 is only recoverable of a railway company when the death of some individual (not a passenger) is caused by the negligence of the company's servants "whilst running, conducting or managing any locomotive, car or train of cars."

When such death results from other actionable negligence than that just mentioned (R. S. 1889, sec. 4426), the jury should assess the damages at a sum "not exceeding $5,000," as prescribed in section 4427, Revised Statutes, 1889.

This was expressly decided in *Crumpley v. Railroad* (1888), 98 Mo. 34, and must now be accepted as the settled law.

It was, therefore, error in the circuit court to sustain a recovery for $5,000, based on a finding of negligence not embraced within the range of section 4425, Revised Statutes, 1889.

II.   The court furthermore instructed that "the law presumes deceased did exercise such" (ordinary) "care," in the face of abundant proof from which (to put it mildly) the jury might reasonably have found the deceased negligent.   That line of instruction was disapproved in *Moberly v. Railroad* (1889), 98 Mo. 183, and there is nothing in this case to repel the application of the ruling made in that just cited.

We need not pause to consider he other points urged on this appeal.

The errors already mentioned are such as necessitate the reversal of the judgment, which is accordingly ordered, and the cause remanded for further proceedings, with the assent of all the judges of this division.