## NORTHERN PAC. R. CO. v. TEETER.

(Circuit Court of Appeals, Eighth Circuit.    September 10, 1894.)

### No. 382.

1. MASTER AND SERVANT — INJURIES TO RAILWAY BRAKEMAN — PROVINCE OF JURY.

   Where a brakeman was injured while coupling cars by stepping into a hole covered with snow and slush, *held*, that it was the province of the jury, there being a conflict of evidence, to say whether the company had discharged its duty of keeping the track in reasonably safe condition, and, if not, whether its neglect was the proximate cause of the injury, unmixed with any negligence on the brakeman's part.

2. TRIAL—WITHDRAWING CASE FROM JURY.

   When, by giving credit to plaintiff's evidence, and discrediting defendant's, plaintiff's case is made out, the court cannot withdraw the case from the jury.

3. SAME—ABSTRACT INSTRUCTIONS.

   The giving of an abstract instruction, which, in view of the state of the evidence and of other correct and applicable instructions, could not have misled the jury, is no ground for reversal.   Sanborn, Circuit Judge, dissenting, on the ground that the jury may have been misled, and that the presumption is that error produces prejudice.

In Error to the Circuit Court of the United States for the District of Minnesota.

J. H. Mitchell, Jr. (Tilden R. Selmes, on the brief), for plaintiff in error.

Moses E. Clapp (Mr. McDonald and L. D. Barnard, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.   This action was brought in the circuit court of the United States for the district of Minnesota by the defendant in error. Eugene Teeter, against the plaintiff in error, the Northern Pacific Railroad Company, to recover for personal injuries received under the following circumstances:   The defendant in error was in the service of the railroad company, as a brakeman on a freight train, from December 31, 1891, until March 9, 1892, on which last-named day he received the injury complained of, while in the act of coupling cars on the side track at Jewett's Mills, Wis.   At the time the accident occurred, the track where it occurred was covered with a thick slush of snow, ice, and water, to the depth of one or two inches, which concealed from sight the condition of the track under it.   At the moment of making the coupling, which was done at a proper place, and in the usual and proper manner, the plaintiff was compelled to take a step forward, when his foot went through the slush, and down into a hole in the track from six to twelve inches in depth, which pitched him forward with so much force that, to save himself from falling between the cars and being run over by them, he threw his hands out to catch something to support himself, and one hand caught on the drawbar, and was on the instant crushed, as the cars "slacked back."   He could not see the hole he stepped into on account of the slush, and did not know it

was there. There was no testimony tending to show that the hole in the track was of recent origin, or that it was not a defect in the original construction of the track; and there was testimony tending to show that the side track where the injury occurred was not well ballasted or surfaced. The plaintiff had never seen this track when it was not covered or more or less obscured from view by snow and slush, and had never done any work on it at the place where the accident occurred before that day. There were a verdict and judgment for the plaintiff, and the defendant sued out this writ of error.

The defendant, at the close of the whole evidence, asked the court to instruct the jury to return a verdict for the defendant, and the refusal of the court to give this instruction is the first and principal error relied on to reverse the judgment. The request was rightly refused. The company owed the duty to its brakeman to keep its track where the coupling of cars had to be done in a reasonably safe condition for the performance of such work. It was the function of the jury to say, upon a consideration of all the evidence, whether the defendant had discharged this duty, and, if not, whether its neglect to do so was the proximate cause of the plaintiff's injury, unmixed with any negligence on the part of the plaintiff. The jury found these issues against the defendant, and, under the evidence in the case, this court cannot, according to the well-settled rule, disturb their findings. Railroad Co. v. Mortenson (decided by this court at the present term) 63 Fed. 530; Railroad Co. v. Ellis, 10 U. S. App. 640, 4 C. C. A. 454, and 54 Fed. 481; Railroad Co. v. Kelley's Adm'rs, 10 U. S. App. 537, 3 C. C. A. 589, and 53 Fed. 459, and authorities cited.

There was, as there commonly is in all cases of this character, some conflict in the evidence, but it was the province of the jury to say whether and how far the evidence was to be believed. When by giving credit to the plaintiff's evidence, and discrediting that of the defendant, the plaintiff's cause is made out, the court cannot withdraw the case from the consideration of the jury. Railroad Co. v. Conger, 5 C. C. A. 411, 56 Fed. 20.

The court in its charge, after stating correctly the rules of law applicable to the case under the evidence, added:

"It is the duty of the master to search for latent or hidden defects in appliances furnished the servant to work with, that would render them unsafe; but the servant is required to notice only such defects as are patent to ordinary observation."

The defendant excepted to this part of the charge. In the brief of the learned counsel for the plaintiff in error it is said:

"This instruction, as a mere principle of law, if stated by itself, might not be considered reversible error, or statement which could be considered as having done any harm (Railway Co. v. Leverett, 48 Ark. 333, 3 S. W. 50); but in this instance it was accompanied by a statement which was intended to direct the attention of the jury to the fact that it was used for the very purpose of laying down a rule of law establishing the relation between the master and the servant in this particular case, the court in the course of his instructions saying: 'This rule I want to lay down for your guidance in determining what was the duty of the railroad company and the duty of the brakeman.'"

In view of the record and the facts in the case, and the clear and accurate statement of the law applicable to the particular facts of the case which preceded and followed this clause to the charge, it might well be held to be surplusage, or abstract and irrelevant, but clearly it was not prejudicial error. The court told the jury that, although the injury may have resulted from the neglect of the company to keep its track where the coupling of the cars was done in a reasonably safe condition for such work, yet the plaintiff could not recover if he knew, or had a reasonable opportunity to know, of its unsafe condition; saying to the jury in this connection that:

"If the injury was caused by reason of the simple fact that there was snow and ice and sleet upon the side track, and that was plainly seen by the plaintiff, then he ought not to recover; but if the injury was caused by reason of the side track not being properly built, not being filled up between the ties, and not being leveled, and the snow and water and ice prevented the plaintiff from seeing that, then it is carelessness on the part of the railroad company, for which the plaintiff ought to recover in damages."

On the question of the defendant's negligence, the pleadings and the evidence related solely to this hole in the track into which the plaintiff stepped. No other defect in the track was alleged in the complaint or proved at the trial, and no other ground of recovery was stated in the complaint or claimed at the trial. The only defect in the track, latent or patent, was the hole, and the only act of negligence charged upon the defendant was the maintenance of this hole. Under the pleadings and the evidence, the jury could not have found that there was any other defect in the track, or any other act of negligence on the part of the defendant, and could not, therefore, have been misled in any way by the instruction. The only possible application of the instruction to the facts of the case which the jury could have made under the pleadings, the evidence, and the instructions, taken together, was that the fact that the alleged hole in the track was latent,—that is, concealed from sight by the slush at the time of the accident,—would not excuse the defendant, or impose on the plaintiff the duty of searching it out.

The judgment of the circuit court is affirmed.

SANBORN, Circuit Judge (dissenting). The defect complained of in this case was a hole in the roadbed, so filled with melting snow that the surface appeared to be level. The court, in its charge to the jury, said with reference to this defect:

"It is the duty of the master to search for latent or hidden defects in appliances furnished the servant to work with, that render them unsafe; but the servant is required to notice only such defects as are patent to ordinary observation. This rule I want to lay down for your guidance in determining what was the duty of the railroad company and the duty of the brakeman."

The hole would have been patent to ordinary observation if it had not been concealed by the snow, and this proposition is, in effect, that, in a country whose surface is covered with snow four months in the year, the servant of a railway corporation is not required to notice any defects in the roadbed or appliances of the company, otherwise patent, that are concealed by the snow, and thus made

latent; but the corporation is required to search for such defects, and to remove the snow from them, so that they will become patent again before the servant is called upon to notice them. I am unable to assent to this proposition. In my opinion, it is not the law. Nor can I bring myself to concur in the theory that because the court below, in another portion of the charge, stated the converse of this proposition,—stated the law correctly,—no prejudice could have resulted to the plaintiff in error from this erroneous declaration. The presumption is that error produces prejudice. It is only when it appears so clear as to be beyond doubt that the error complained of neither did prejudice, nor could have prejudiced the party against whom it was made, that the rule that error without prejudice is no ground for reversal is justly applicable. Deery v. Cray, 5 Wall. 795, 808; Gilmer v. Higley, 110 U. S. 47, 50, 3 Sup. Ct. 471. The court below, in its charge, gave the jury a correct and an erroneous instruction upon the same subject. I am unable to discover from the record whether the jury were governed in their action by the former or the latter, and in my opinion, the judgment should be reversed, and a new trial ordered.