NORTHERN PAC. R. CO. v. MORTENSON.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

No. 419.

1. MASTER AND SERVANT—INJURIES TO RAILWAY BRAKEMAN — BRIDGES WITH OVERHEAD BEAMS—PROVINCE OF JURY.

Where a brakeman, standing on the running board of a furniture car, which is higher than box cars, in the discharge of his duty, was struck by the overhead tie beams of a bridge which the train was crossing, *held*, that it was the province of the jury to say whether the company was negligent in maintaining a bridge having such low beams, without giving warning by telltales or otherwise.

2. SAME—CONTRIBUTORY NEGLIGENCE—PROVINCE OF JURY.

The brakeman having crossed the bridge several times standing on top of box cars, *held*, further, that it was a question for the jury whether he was guilty of contributory negligence in not ascertaining, by measurement or accurate observation, that he could not safely pass while standing on the running board of a furniture car.

3. TRIAL—WITNESS FIXING DATE BY MEMORANDUM — RIGHT OF INSPECTION — ERROR WITHOUT PREJUDICE.

Plaintiff, in testifying as to the length of time he was in defendant's employ, fixed the date of entering the service by a memorandum, but the court refused to permit defendant to inspect the memorandum. *Held*, that this was error, but, the length of his service being fully established by other evidence, the error was without prejudice.

In Error to the Circuit Court of the United States for the District of Minnesota.

This was an action by Andrew Mortenson against the Northern Pacific Railroad Company to recover damages for personal injuries. Verdict and judgment were given for plaintiff, and defendant sued out this writ of error.

C. D. O'Brien (J. H. Mitchell, Jr., Tilden R. Selmes, and T. D. O'Brien, on the brief), for plaintiff in error.

C. A. Severance (W. S. McClenahan, W. A. Fleming, C. K. Davis, and F. B. Kellogg, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges.

CALDWELL, Circuit Judge. The defendant in error was in the employ of the plaintiff in error as head brakeman on a freight train running between Brainerd, Minn., and Fargo, N. D. In making this trip the train crossed a bridge having overhead tie beams. This bridge was within the limits of the company's yards at Fargo. The duties of the defendant in error required him to be upon the top of his train while passing through the Fargo yards and over this bridge. His usual position was on top of the second or third car from the engine, and he had to stand on the running board of the car in a position that would enable him to receive the signals of the conductor and rear brakeman, and transmit them to the engineer. On the 22d of March, 1890, while standing on the running board of a furniture car in the proper position to receive and transmit the signals, and in the attitude of doing so, as the train passed over the bridge, he was struck on the head by one of the overhead timbers of the bridge, and received the injuries for which this suit was brought. Furniture and refrigerator cars, which are in common use on the defendant's road, are about 2½ feet higher than ordinary box cars. The defendant in error had crossed the bridge in safety a dozen times or more while standing on the top of the box cars.

The principal questions discussed by counsel are: (1) Was it negligence for the company to maintain a bridge having overhead tie beams too low to admit of the safe passage of a brakeman standing on the running board of a furniture car, in the discharge of his appropriate duties, when no warning of the dangerous character of the bridge was given by telltales or otherwise? (2) Was the brakeman guilty of contributory negligence in not ascertaining, by measurement or accurate observation, that he could not pass safely under the overhead beams of the bridge while standing on the running board of a furniture car? Under the evidence in this case, these were not questions of law, but questions of fact for the jury. Under proper instructions, the jury found both of these issues against the plaintiff in error, and we cannot disturb the finding. On the evidence, the case was plainly one for the jury. Railway Co. v. Ellis, 10 U. S. App. 640, 4 C. C. A. 454, and 54 Fed. 481; Railroad Co. v. Foley, 10 U. S. App. 537, 3 C. C. A. 589, and 53 Fed. 459; Railroad Co. v. Carpenter, 12 U. S. App. 392, 5 C. C. A. 551, and 56 Fed. 451; Dorsey v. Construction Co., 42 Wis. 583.

It is claimed that the defendant in error had notice in fact that the tie beams across the top of the bridge were too low to admit the safe passage of a brakeman standing on the top of a furniture car; but the defendant in error denies this, and the jury found this issue in his favor.

The defendant in error was examined touching the length of time he had been in the service of the company, and, for the purpose of fixing the date he entered the service, he referred to a written memorandum in his possession. After testifying from this memorandum, the court refused to permit the plaintiff in error to inspect the same. This was error, but it was error without prejudice. The length of time the defendant in error had been in the service, if material, was fully established by all the evidence to be that stated by him.

The judgment of the circuit court is affirmed.