CHICAGO, R. I. & P. RY. CO. v. SHARP.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

No. 414.

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

In an action for personal injuries, the appellate court will not weigh conflicting evidence, pass upon the veracity of witnesses, and determine the case according to what it thinks to be the weight of the evidence appearing in the record, but will resolve all conflict in the evidence in favor of the party for whom the verdict was rendered.

2. RAILROAD COMPANIES—ACCIDENT AT CROSSING—NEGLIGENCE.

A railroad company is bound, independently of statute, to take reasonable and proper means of notifying the public of the approach of its trains to a public crossing after night; and it is a breach of this duty to back a train of flat cars over a crossing in the suburbs of a city, without having on it any brakeman, or any light or other signal of its approach.

3. SAME—DUTY OF TRAVELER—CONTRIBUTORY NEGLIGENCE.

One who, on approaching the crossing, looks and listens, but hears nothing except a locomotive, which is so far off that he can easily pass before it, is not negligent in failing to surmise that the company would attempt to back a train of flat cars, which makes little noise, over the crossing, on a dark night, without any lights or signal to warn the public.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Stephen S. Brown (J. E. Dolman, on the brief), for plaintiff in error. William Henry and W. H. Haynes, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This is an action brought by James M. Sharp, the defendant in error, against the Chicago, Rock Island & Pacific Railway Company, the plaintiff in error, to recover damages for a personal injury received at a railroad crossing. The plaintiff recovered judgment below, and the defendant sued out this writ of error.

In this, as in most cases of this character, the first assignment of error is that the court erred in not directing a verdict for the defendant upon the whole evidence; and in this case, as has frequently occurred in other cases of like character, we are pressed

to weigh conflicting evidence, pass upon the veracity of the witnesses, and determine the case according to what we think is the weight of evidence appearing in the record. To do these things would be a flagrant invasion of the functions of the jury, and a denial to the plaintiff of his constitutional right to have the facts of his case tried by a jury. Railroad Co. v. Teeter (decided by this court at the present term) 63 Fed. 527; Railroad Co. v. Mortenson (decided by this court at the present term) Id. 530; Railroad Co. v. Ellis, 10 U. S. App. 640, 4 C. C. A. 454, and 54 Fed. 481; Railroad Co. v. Kelley, 10 U. S. App. 537, 3 C. C. A. 589, and 53 Fed. 459.

The following is a summary of the material facts which the plaintiff's testimony tended to establish: The defendant's road crosses on the level the public highway leading south from the city of Maysville, Mo., at its station near the city where there are three tracks, known as the "main track," the "passing track," and the "stock track," and two switches. At the point of crossing, the railroad runs east and west, and the highway north and south, and the station stands on the north side of the railroad track and west line of the highway. At 9 o'clock at night, on the 10th of November, 1892, the plaintiff, riding in a cart (which, on the smooth dirt road, made no noise) drawn by one horse, going south, approached this crossing. The night was very dark. When within 20 or 30 feet of the crossing, he looked and listened. Looking west, he saw a switch light 500 or 600 feet west of the crossing; and, looking east, he saw a switch light 364 feet east of the crossing, and a little way beyond this he saw the smoke of a locomotive, but could not tell certainly whether it was moving or not, or, if moving, in what direction, though he thought it might be moving towards the crossing. He heard no sound but the puffing of the locomotive. The bell was not ringing and the whistle was not blowing. There was no flagman at the station, and no light there or elsewhere between the two switch lights, and nothing could be seen on the track between the locomotive and the crossing, and, satisfied that he could cross the track in safety before the locomotive could reach the crossing, even if it was coming towards him, he started to do so. His horse crossed the track in safety, but the hind end of his cart was struck by a moving flat car, and he received the injuries complained of. It turned out that the locomotive was pushing three or more flat cars towards the crossing, which, owing to the darkness, the plaintiff could not see, and which he did not hear, and which had no light or flagman or other agency on them to give warning of their approach.

There was conflict in the testimony as to some of these facts, but, when an appellate court is asked to set aside the verdict of a jury in a common-law action upon the facts, all conflict in the evidence must be resolved in favor of the party in whose favor the verdict was rendered. In other words, if, by giving credit to the plaintiff's evidence, and discrediting that of the defendant, the plaintiff's case is made out, the verdict must stand. Railroad Co. v. Conger, 5 C. C. A. 411, 56 Fed. 20; Railroad Co. v. Teeter, 63 Fed. 527; Railway Co. v. Lowell, 151 U. S. 209, 14 Sup. Ct. 281. The Missouri

statute (Rev. St. 1889, § 2608) requires the bell to be rung or the whistle to be sounded at all public crossings, and a failure to comply with the statute is negligence per se. Crumpley v. Railroad Co., 98 Mo. 34, 11 S. W. 244. But the negligence of the company does not rest alone on the statute. Independently of the statute, in moving its cars and engines over the public crossing after dark, the company was bound to take reasonable and proper means to notify the public of the approach of its cars. In this case no precautions whatever were taken.

But, although the company may have been guilty of negligence, the plaintiff cannot recover unless that negligence was the proximate cause of the injury, and the plaintiff himself was free from negligence. The obligations, rights, and duties of railroad companies and travelers at highway crossings are mutual and reciprocal. No greater degree of care is required of the one than of the other. Improvement Co. v. Stead, 95 U. S. 161, 165. As was well said by Judge Thayer in delivering the opinion of the court in the case of Railway Co. v. McClurg, 8 C. C. A. 322, 59 Fed. 860: "A person may reasonably be expected and required to take as great precaution to avoid getting hurt as others are required to take to avoid injuring him." These rules were clearly and fully stated to the jury in the charge of the learned court that tried the cause. The jury were repeatedly told that, in approaching the track, it was the plaintiff's duty to use his senses, and to look and listen for approaching trains, and, if necessary, to stop for that purpose, and that, in approaching and crossing the track, he was required to exercise that degree of care that a prudent and careful man would exercise under like circumstances. Was there evidence from which the jury might infer the plaintiff did observe these requirements? He looked and listened as he approached the crossing, and saw and heard nothing but the locomotive. He estimated, and estimated correctly, that he could cross the track many feet ahead of that. The flat cars being pushed ahead of the locomotive he did not hear, and could not see on account of the darkness. We are unwilling to lay it down as a rule of law that the plaintiff was negligent in not anticipating the particular act of negligence of the defendant which occasioned the accident. Hutchinson v. Railway Co., 32 Minn. 398, 21 N. W. 212; Weller v. Railway Co. (Mo. Sup.) 23 S. W. 1061, affirmed on rehearing 25 S. W. 532. The jury, by their verdict, have said that the plaintiff was not required to conjecture or surmise that the company would attempt to back a train of flat cars, which made little or no noise, over a public crossing, in the suburbs of a city, on a dark night, without a brakeman or light or other signal on them to warn the public of their coming; and we concur in that conclusion. Where the negligence of the railroad company, which is the proximate cause of the injury, is clearly established, in order to defeat a recovery, as a matter of law, on the ground of contributory negligence, the defense must be clearly made out. Railway Co. v. Lowell, 151 U. S. 209, 14 Sup. Ct. 281. If inferences other than that of contributory negligence may be fairly drawn from all the evidence, and facts shown to exist, then the question is one

of fact for the jury, whose verdict must stand. Bluedorn v. Railway Co. (Mo. Sup.) 18 S. W. 1103; Weller v. Railway Co. (Mo. Sup.) 23 S. W. 1061. The charge of the court stated the law correctly applicable to the facts of the case. It was as favorable to the defendant as it had any right to ask. The judgment of the circuit court is affirmed.