SENN v. SOUTHERN RAILWAY COMPANY, *Appellant.*

Division One, October 15, 1896.

1. **Negligence:** DEATH BY WRONGFUL ACT: PLEADING: STATUTE. In an action under Revised Statutes, 1889, section 4425, to recover the statutory penalty of $5,000 for the death of a person caused by the negligence of a driver of a street car, the recital in the petition of a city ordinance regulating the running of street cars and prescribing the duties of those in charge of them, together with an averment that the death of the deceased was caused by a failure to observe such ordinance, is not a statement of a separate cause of action founded upon a violation of the ordinance but the pleading of such violation as affording evidence of the negligence of the driver, the consequence of which, when causing death, is fixed by statute.

2. **Practice:** INSTRUCTIONS: WAIVER OF ERROR. The giving of an instruction at the instance of one party which properly declares the law so far as it goes, but is misleading because of the omission of other statements, is not ground for reversal where another instruction, given at the request of the adverse party, supplies the omission.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

(1) The third amended petition sets out two distinct grounds of action: One on the failure of the driver to exercise ordinary care and the other upon the ordinance. (2) A city ordinance can not change the common law liabilities of a civil nature between private parties, nor fix a new standard of negligence. *Henry v. Sprague*, 11 R. I. 456; *Railroad v. Erwin*, 89 Pa. St. 71; *Van Dyke v. Cincinnati*, 1 Disney, 532; *Flynn v. Canton Co.*, 40 Md. 612; *Kirby v. Boylston*, 14 Gray, 242; *Jenks v. Williams*, 115 Mass. 217. (3) A

verdict based on evidence which is only conjectural or on statements which are incredible, will be set aside. It follows that instructions which authorize a verdict based only on such evidence or statements, must be erroneous. *Moore v. Railroad*, 28 Mo. App. 622; *Peck v. Railroad*, 31 Mo. App. 125; *McCarthy v. Fagin*, 42 Mo. App. 619; *State v. Burgdorf*, 53 Mo. 65; *Spohn v. Railroad*, 87 Mo. 74; *Hunt v. Railroad*, 89 Mo. 607. (4) Instructions which are confusing or misleading must not be given. If they leave out important features in the evidence or single out particular facts and give them prominence they are misleading and erroneous. *Chaney v. Ins. Co.*, 62 Mo. App. 45; *McFadin v. Catron*, 120 Mo. 274; *Railroad v. Stock Yards Co.*, 120 Mo. 559.

*Dodge & Mulvihill* for respondent.

(1) There is but one cause of action stated in the third amended petition as interlineated, and on which the case was tried the last two times. It is under the first clause of section 2 of the damage act, section 4425, Revised Statutes, 1889. *Philpott v. Railroad*, 85 Mo. 164; *Czezewzka v. Railroad*, 121 Mo. 207; *Senn v. Railroad*, 124 Mo. 621. (2) Section 2 of the damage act (4425) is both penal and compensatory. *Philpott v. Railroad*, 85 Mo. 164; *Crumpley v. Railroad*, 98 Mo. 34. (3) The appellant can not be heard to complain in this court of something to which it did not object in the trial court by appropriate motion. R. S. 1889, sec. 2302; *Sweet v. Maupin*, 65 Mo. 65; *Hubbard v. Queensbury*, 32 Mo. App. 459; *Hanniford v. City of Kansas*, 103 Mo. 172. (4) Appellant can not be heard to complain of respondent's instructions, when the instructions asked and given at its own request announce the same doctrine. *Holmes v. Braidwood*, 82 Mo. 610; *Hazell v. Bank*, 95 Mo. 66.

*First.* And this is true even when the theory is an incorrect one. *Thorpe v. Railroad,* 89 Mo. 666. *Second.* A judgment will not be reversed for every obscurity or inaccuracy of expression that an instruction may disclose. To warrant a reversal there must be positive error, materially affecting the merits of the action. R. S. 1889, sec. 2303; *Barry v. Railroad,* 98 Mo. 62; *Hanniford v. City of Kansas,* 103 Mo. 172. (5) The ordinance was admissible, being properly pleaded. *Fath v. Railroad,* 105 Mo. 537; *Senn v. Railroad,* 124 Mo. 621.

MACFARLANE, J.—This is the third appeal. The suit was originally prosecuted in the names of Christian Senn and his wife to recover damages for the death of their infant son Charles, who was killed by being run over by a car of defendant, street railway company, in the city of St. Louis.

Pending the first appeal the wife died and the suit was continued in the name of Christian Senn, the father of the child. On the second appeal the judgment was reversed and a retrial ordered. The case was again tried and resulted in a verdict for plaintiff and defendant again appealed. Pending this appeal Christian Senn has died and the suit has been revived and is now prosecuted in the name of his administrator.

The pleadings and evidence are substantially the same as upon the former appeals which will be found reported in 108 Mo. 146, and 124 Mo. 623.

A statement of the facts accompanied the first opinion, which need not be repeated.

An ordinance of the city, which had been accepted by defendant, required the conductor and driver of each car to keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving toward it, and on the first appearance of danger to

such persons or vehicles to stop the car within the shortest time and space possible.

The petition contained these charges:

"That the failure of said driver of said car of defendant to keep such proper and vigilant watch ahead for all persons on foot, and especially for the said Charles C. Senn, and the failure of said driver to stop said car within the shortest time and space possible, and failure of the defendant to keep the provisions of said ordinances as it had agreed to do, directly contributed to cause the injuries hereinafter complained of.

"That on said first day of May, 1888, at said point on South Broadway, the said driver of said car negligently and carelessly allowed his team to run against and knock down the said Charles C. Senn, as he was crossing said track, and negligently failed to stop his said car in the shortest time and space possible, and negligently drove over him, the wheel of said car passing over his limbs and greatly mangled and crushed his leg about the knee joint and otherwise bruising his body, so that afterward, to wit, on the third day of May, 1888, said Charles C. Senn died."

On the question of the contributory negligence of the parents of the child the court gave to the jury these two instructions, the first at the request of plaintiff, and the second at that of defendant.

"No. 3. The court instructs the jury that in determining whether or not the plaintiff and his former wife Mary contributed by their negligence in the custody and care of their child C. C. Senn, to its injury and death, you are to consider whether or not they exercised that degree of care, caution, and watchfulness over their said child, C. C. Senn, in sending him across the street for the cows, which was reasonable and proper for parents in their circumstances in life, as shown by the evidence."

"No. 8. The court also instructs the jury that plaintiff is not entitled to recover in this case if from the evidence the jury believe that the plaintiff upon his part at, and immediately preceding the injury of his child, failed to exercise that reasonable care and caution to protect his child from injury, which · a reasonably prudent parent would have exercised under the like circumstances. Therefore, if from the evidence the jury believe that with plaintiff's knowledge and consent the child, Charles Senn, was sent out upon and over the public street and over the track of defendant company to help bring home some cows; that plaintiff saw the boy returning from the opposite side of the street helping to drive the cows over defendant's track; that plaintiff also saw the car passing down toward the place where the cows and boy were about to cross the track; that plaintiff was then standing at a point from which he had a full view of the car, the cows and the boy, and was near enough to have given warning of danger to the boy or to the driver of the car, and if from the evidence you further believe that the boy was then in peril or likely to become so immediately, and that plaintiff knew this or by the exercise of ordinary care on his part could have so known, and if you believe further that plaintiff gave no warning as aforesaid, and also believe that a reasonably prudent parent under like circumstances would have given such warning, and if you also believe that had such warning been given the injury would have been avoided, then you should find for defendant company on the ground of contributory negligence."

On the measure of damages the court gave this instruction:

"If the jury find from the evidence that the plaintiff is entitled to recover, you will assess his damages in the sum of five thousand ($5,000) dollars."

A verdict and judgment was rendered for plaintiff for $5,000 and defendant appealed.

I.  Counsel argue with much ingenuity and force, and with much plausibility also, that plaintiff states, and undertakes to recover on two causes of action, one for negligence of the driver in managing the mules and car, and the other for failure to observe the city ordinance mentioned in the statement.  They insist that the former is grounded upon section 4425, Revised Statutes, 1889, which allows a recovery of $5,000 in the nature of a forfeiture; while the other is based upon sections 4426 and 4427 of said statutes, and allows a recovery of compensatory damages not exceeding $5,000.  On these assumptions it is claimed that the direction to the jury to assess the damages at $5,000 was error.

Defendant's position would be invulnerable if two causes of action were stated, one under a section allowing $5,000 absolutely, and the other under a section allowing compensatory damages only.  There would be no means of knowing upon which cause of action the verdict was found.  *Crumpley v. Railroad*, 98 Mo. 34; *King v. Railroad*, 98 Mo. 235.

But we do not think the argument built upon sound premises.  The ordinance requiring a street car driver to keep a vigilant watch for children, upon or approaching the track, and to stop promptly on the first appearance of danger, is a mere regulation in respect to the running of the car, and a failure to perform the duties required does not create a cause of action, but furnishes evidence of negligence in operating the car.

So much of the statute (sec. 4425) as is applicable to this case reads as follows: "Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness, or criminal intent of * * * any driver of any stage coach or

other public conveyance whilst in charge of the same as a driver  *  *  *  the corporation, individual, or individuals in whose employ any such  *  *  *  driver shall be, at the time such injury is committed, or who owns any such  *  *  *  public conveyance at the time any injury is received, resulting from or occasioned by any  *  *  *  unskillfulness, negligence, or criminal intent above declared, shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars."

The cause of action arises under the statute when the death of a person results from the negligence, unskillfulness, or criminal intent of the driver of a street car.   The ordinance merely prescribes certain duties the driver is required to observe while in charge of and operating a car.   A failure to discharge those duties will be at most merely negligence in the management of the car, the consequences of which are fixed by the statute.

A statute requires a bell to be rung or a whistle to be sounded when a train approaches a public crossing. It also provides that the corporation shall be liable for all damages which any person may sustain at such crossing when such bell shall not be rung or whistle sounded.   Hence the effect of a disobedience of the statute is prescribed.   But when the death of any person is caused by a failure to observe these statutory requirements, an action may be maintained for the forfeit under section 4422 by one entitled to sue.   The reason is that the requirements of the statute are regulations for conducting and managing trains, and a failure to observe them is negligence in these respects. Police regulations in cities such as limiting the rate of the speed of trains or cars, giving signals at crossings, requiring cars to be lighted, etc., all pertain to the management of trains and cars and a failure to

observe them is negligence in operating the train or car. *King v. Railroad*, 98 Mo. 239.

These requirements are very different from those statutory duties which have no connection with the operation of trains and cars, such as maintaining road crossings, and sign boards, and keeping the track clear of weeds. *Crumpley v. Railroad*, 98 Mo. 34; *King v. Railroad, supra; Rapp v. Railroad*, 106 Mo. 423. In one case the duty is required of those in charge of public conveyances, while in the other the duty is required of the corporation itself. The penalty provided by section 4425, except in case of the death of a passenger, is for neglect in the operation of trains, cars, and other public conveyances.

Our opinion is that the ordinance is a mere regulation of the duties of street car drivers when in charge of cars, and a neglect of such duty is such negligence in operating the same as makes a cause of action for the recovery of the statutory damages of $5,000.

The petition only charged one cause of action, viz: The death of the child caused by the negligence of the driver of the car while in charge of it. To state and prove his case, plaintiff was not confined to one negligent act. He had the right to state and prove either statutory or common law negligence or both, and, both relating to the duty of the driver, the damages are fixed at $5,000.

We find no objection to the instruction on the measure of damages.

II. The correctness of the instruction given plaintiff on the question of the contributory negligence of the parents of the child is earnestly challenged by counsel for defendant. It is said that the instruction is erroneous in that it limited the question of the parents' contributory negligence to their conduct in sending the boy across the street for the cows.

The instruction is certainly open to the criticism urged against it. It entirely ignores the evidence which tended to prove that the father of the child knew of the danger into which he was going and failed to use any efforts to warn him or the driver.

But it will be observed that the court does not direct or declare a conclusion of law from the imperfect consideration of the facts which the instruction requires of the jury. The jury might certainly have drawn an inference from the instruction, that if the parents exercised that degree of care and watchfulness over their child in sending him for the cows, which was reasonable for parents in their circumstances in life, they were not guilty of contributory negligence in the mere fact that they sent him. We think no objection can be found to the instruction as far as it goes.

An examination of the instruction given by the court at the request of defendant will show that the facts omitted from the one given plaintiff, are fully covered. Taking the two instructions together the law is fully and fairly declared. They are not inconsistent, but each is proper as applied to the facts on which it is predicated. We are unable to see how defendant could have been prejudiced.

The other questions discussed have been passed upon in the former appeals. There have been three jury trials all resulting in verdicts for plaintiff. This one seems to have been fair, and the judgment is affirmed. BARCLAY and ROBINSON, JJ., concur. BRACE, P. J., absent.