WILLIAM H. HEBERLING, Respondent, v. THE CITY OF WARRENSBURG, Appellant.

Kansas City Court of Appeals, November 16, 1908.

1. TRIAL PRACTICE: Withdrawal of Evidence. In a civil case the withdrawal of admitted evidence with the court's direction to the jury not to consider it, cures the error of its admission.

2. MUNICIPAL CORPORATIONS: Work on Street: Evidence: Conversation with Street Commissioner. The admission of the conversation of witnesses with the street commissioner filling a place in a street, as to its danger is admitted, not so much for the purpose of getting the opinion of the witnesses as to show notice of the defective condition of the street, and in this case cannot be said to vitiate the verdict.

3. ———: ———: ———: Usual Manner: Opinion of Witnesses. The opinion of witnesses that a street was filled in the usual manner properly refused, since that is a question for the jury; the witnesses could state how the work was done.

4. ———: ———: ———: ———: ———. Other objections to evidence held insufficient.

Appeal from Pettis Circuit Court. — *Hon. Louis Hoffman,* Judge.

AFFIRMED.

*Joseph K. Tuttle, Charles E. Morrow* and *James A. Kemper* for appellant.

(1) What witnesses said to street commissioner was hearsay—expression of an opinion. King v. Railroad, 98 Mo. 235. This was a usurpation of the province of the jury. Schaefer v. Railroad, 98 Mo. App. 432. (2) The court erred in proving city repaired street after the injury. Bailey v. Kansas City, 189 Mo. 503; Wojtylak v. Coal Co., 188 Mo. 286; State v. Todd, 194 Mo. 393. (3) The court refused to permit defendant to prove ditch was filled in the usual, ordinary and proper manner. An expert may testify from his personal knowledge of a matter. The mode of examination was proper. Kaminski v. Iron Works, 167 Mo. 462; Rogers on Expert Testimony (2 Ed.), sec. 64; Green v. Water Co., 101 Wis. 258, 43 L. R. A. 117; Rogers on Expert Testimony (2 Ed.), sec. 64; First Church v. Insurance Co., 158 Mass. 475, 19 L. R. A. 587. (4) Plaintiff was permitted to show that one of his witnesses, Steve Thompkins, was appointed street commissioner by the city after the accident and after he had given the testimony at a former trial which was read by plaintiff in this trial. This was error.

*O. L. Houts* for respondent.

(1) The testimony was not introduced for the purpose of getting in evidence the opinion of the witness as to whether the street was left in a safe or a dangerous condition, but for the purpose of bringing notice of the condition of the street home to the defendant. The cases then of King v. Railroad, 98 Mo. 235, and of Shafer v. Railroad, 98 Mo. App. 452, have no application. Witnesses Bradley and Carter told exactly how the boxing of the culvert was taken out and how it was refilled and were not required to give their opinions. Heberling v. Warrensburg, 204 Mo. 610. (2) Civil

133 App—35

judgments are not reversed by the appellate courts for the admission of incompetent testimony when the testimony is afterwards withdrawn from the consideration of the jury. Buckman v. Railroad, 100 Mo. App. 30 and cases cited; Fowles v. Bebee, 59 Mo. App. 403, citing Stavinow v. Insurance Co., 43 Mo. App. 513.

ELLISON, J.—This action is for personal injury received on one of defendant's streets by reason of plaintiff being thrown from a vehicle in which he was riding with a friend and receiving serious injury. The judgment was for plaintiff.

There was a former trial in which the verdict was for the defendant. The court granted plaintiff a new trial and defendant appealed to the Supreme Court where the order was affirmed (204 Mo. 604), and the trial now appealed from followed. By reference to that report there will be found a full statement of the facts upon which the case is founded and they need not be repeated here further than to say that defendant's officers took out of the street a wooden culvert reaching fairly across its width, fourteen inches deep and twenty inches wide. The place was filled in with loose dirt. Rains and travel made the filling soft so that the wheels of a vehicle would drop suddenly to a considerable depth. A rain had filled the wagon tracks and depressions with water so as to leave the defects in the place less likely to be observed. Plaintiff and a companion were driving along in an ordinary trot when the front wheels of their vehicle suddenly dropped into the place, throwing plaintiff forward between the horses onto the tongue and doubletrees,—the horses ran, and plaintiff was injured.

An examination of the points made satisfy us that reversible error was not committed. Evidence was received showing that the city repaired the street after the injury to plaintiff. This was withdrawn by counsel

for plaintiff in the presence of the jury and the court announced its withdrawal and directed that it be not considered. That, in a civil case, cures the error. [Buckman v. Railroad, 100 Mo. App. 30.]

Complaint is made that two persons said to the street commissioner when he was filling the place from which he had taken the culvert, that it was dangerous, and some one would get hurt. But this was not so much for the purpose of getting the opinion of the witness as it was to show notice or knowledge of the defect. Such evidence seems not to have been regarded as improper. [Heberling v. Warrensburg, 204 Mo. 610.] At any rate no one can fairly say that such evidence in the circumstances, considering the state of the proof from other sources, was of such character as to require the verdict to be set aside.

It is also made a matter of complaint that the court should have permitted witnesses to state whether the place was filled in the usual, ordinary and proper manner. The witnesses had stated it was "filled good, it was filled up round, about ten inches wide, good and high." The court refused their opinion whether that was the proper way. That was a question for the jury. The Supreme Court stated that it was not proper exculpatory evidence to show that this place was filled as other places were, as that was not a standard of safety (204 Mo. 618). And so we think the better examination would have been to have asked how the work was done, etc., and then let the jury say if it was proper. [Eubank v. Edina, 88 Mo. 651; King v. Railroad, 98 Mo. 235.]

We think there is no substantial ground for objection to the mere showing that Thompkins was street commissioner. Nor do we think there was any error as to exclusions of offer to show what witnesses Fountain and Ridge would state in reference to the place being filled in the ordinary way.

A full examination of the record and briefs of counsel leaves us convinced that we have no right to overturn the verdict, and the judgment is therefore affirmed. All concur.