RICHARD W. JOHNSON, Administrator, *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

## February 27, 1890.

**Master and Servant—Signal Posts near Track—Liability of Company.**
It is the duty of a railway company to place its structures and signal-posts at a reasonably safe distance from its tracks so as not to be dangerous to brakemen and other operatives upon the trains, or to warn them of such dangers, if they exist. The employes are not presumed to assume the risk of such perils, in the absence of notice.

**Same—Contributory Negligence of Servant.—**Plaintiff's intestate, who had been employed for about two weeks in its yard, where were numerous tracks and constantly moving trains, was killed by coming in contact with a signal-post while ascending the outside ladder of a box-car. The post was four feet from the rail. There was evidence tending to show that the post was too near the cars to be practically safe for operatives, unless aware of the danger. *Held* that, upon the evidence, the question of defendant's negligence in locating and maintaining the post was for the jury; and also that the court is not warranted in holding, as a matter of law, that the deceased was guilty of contributory negligence in not observing that the post was so near the cars as to be dangerous, and in not appreciating and avoiding the danger. But the evidence is *held* not so clearly to preponderate in favor of the verdict as to warrant a reversal of the order of the trial court granting a new trial.

Appeal by plaintiff from an order of the district court for Ramsey county, *Kelly,* J., presiding, granting a new trial after a verdict of $5,000 in his favor in an action for the death of his intestate caused by alleged negligence of defendant.

*Richard K. Boney,* for appellant.

*M. D. Grover* and *Flandrau, Squires & Cutcheon,* for respondent.

VANDERBURGH, J.   The general propositions of law applicable to this case are that a railroad company is bound to place signal-posts or other structures used in connection with its road, or the operation thereof, at a reasonably safe distance from the track, so as not to be dangerous to brakemen or other employes who work on its trains; but if, for any reason, it is found necessary to erect or place such

structures so close as to be hazardous to its employes, it is in such case its duty to warn them of the danger, so that they may understand the nature of the risks to which they are to be subjected, and may govern themselves accordingly; and, in the absence of such notice, they have a right to assume that the company has performed its duty in this respect. They are presumed to have knowledge of the ordinary perils of the employment, but not of special or extra hazards, such as may arise from the unsafe proximity of signal-posts, bridges, etc., of the presence of which they have not been informed, or of the dangers incident to which they have not learned. If, in case of an accident to an employe, the master's failure to perform his duty in these respects is clearly established,—that is to say, if such structures are obviously so near the track as to be dangerous; or if, on the other hand, they are shown to be so far removed as to make it apparent that employes or operatives can discharge their duties in the exercise of ordinary prudence, with reasonable safety; or if it is clear that the plaintiff has negligently exposed himself to danger, or knew, or in the exercise of ordinary prudence ought to have known, and avoided it,—in all such cases the question of negligence or the exercise of reasonable care, on the part of either or both parties, will be for the court; otherwise it will be for the jury. These propositions are so generally accepted that they hardly need to be referred to. The chief difficulty lies in their application to the facts of particular cases.

In the case at bar, plaintiff's intestate was employed as a switchman in defendant's yard at St. Paul, near the Union depot, where there is a great number of tracks, over which numerous trains from different lines enter and depart from the depot. The defendant has constructed, and for several years has operated, at that place, a system of interlocking switches, worked in connection with semaphores or signal-posts, of which there are 30 in its yard. The deceased, while discharging his duty, was in the act of climbing up or down the side ladder of a box-car in a moving train, when it was drawn past one of these signal-posts, which struck his body, and he was knocked down and killed. The post in question was 8 inches square, and situated between the tracks, which were distant from each other 14 feet

from centre to centre, and was distant 4 feet each way from the rails. Allowing for the space occupied by the roof and ladder, the witnesses are not agreed as to the exact distance between the car and the post; but there is evidence in the case tending to prove that it was too close to moving trains to be safe for employes, unless they exercised care to avoid it while the trains were passing by it. There is also evidence tending to prove with reasonable certainty that it was necessary to maintain a signal-post of some kind at or near that point, for the protection of moving trains, and in order to conduct the business safely and successfully. The location, size, proximity of the post to the cars, the character of the duties of the deceased, the nature and extent of defendant's business, are also shown by the evidence; and, from all the circumstances disclosed by it, we think the question whether the defendant used reasonable care and diligence, within the rule stated, as respects the safety of its employes, was for the jury. There is no evidence that he was warned or notified of the peculiar hazard to which he might be exposed from the situation of the signal-post. But he had been employed there for two weeks or more, and had occasion to pass by it many times a day, and it was an object so prominent and so essential in the service in which he was engaged that his attention must have been frequently drawn to it. We are not prepared to say, however, that this is conclusive evidence that he was negligent, or that he knew, or should have known if he used ordinary prudence, the danger of such an accident. His labors were onerous, his duties were necessarily pressing and absorbing, while engaged in his employment; and, while he must have known of the existence and location of this post, he may not have known from mere observation, or unless his attention had in some way been specially called to it, (situated as it was, in the centre, between the tracks,) that it was near enough to the cars to be dangerous, but might be misled unless he had made actual measurement or calculation. It may be observed, also, that his attention would more likely be called to the movable signal extending out from the post than to the post itself. In the absence of anything to excite special apprehension of danger from such cause, he might also assume that the defendant had exercised due care in the location of the post. *Whalen* v. *Ill. &*

*St. Louis R. Co.*, 16 Ill. App. 320, and cases. We do not, therefore, consider that the fact that he had worked in the yard for the time mentioned, notwithstanding he was bound to exercise care and diligence commensurate with the generally dangerous character of his business, was, as matter of law, conclusive that he was negligent, nor do we undertake to say that he was not. But here was a variety of facts and circumstances to be considered and weighed, and the case was one which, in our judgment, was properly submitted to the jury.

The trial court granted the motion for a new trial on the ground that the verdict was not justified by the evidence. Upon the state of the record this will not be held to be an abuse of its discretion, and, in conformity with the well-established practice of this court in such cases, the order will not therefore be reversed, though the trial court went further, and was also of the opinion that the deceased was shown to be guilty of contributory negligence.

Order affirmed.

GILFILLAN, C. J.   I concur in the result, but dissent from the proposition that the question of the negligence of the deceased, or his assumption of the risks of the business, was for the jury.