# John A. Stoltenberg *v.* Pittsburg & Lake Erie R. R., Appellant.

*Negligence—Railroad—Master and servant—Contributory negligence—Position of danger—Co-employee.*

In an action to recover damages for personal injuries, it appeared that plaintiff was a tinner who had been working several months in defendant railroad company's shops. On the day of the accident, he was sent to a station some miles distant to make repairs on the roof of a passenger car which was standing on a siding. He was told that the car would remain there until noon, and that he would have ample time to do the required work. Soon after he had begun work an engine was attached to the car, and it was drawn rapidly forward. When the car moved plaintiff arose from his work and walked forward on the upper deck of the roof to learn the cause of the movement. As he approached the front of the car the smoke and cinders from the engine came directly against his face, and to avoid them he turned his head to one side, and almost immediately afterwards was struck by a wire stretched across the tracks, and seriously injured. The wire was nineteen feet and one inch above the track, and the top of the upper deck of the car was fourteen feet and four inches above the track. The main roof was about seventeen inches lower. *Held*, that the accident was not caused by the negligence of a co-employee, and that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

Argued Oct. 23, 1894. Appeal, No. 58, Oct. T., 1894, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1893, No. 79, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.    Before WHITE, J.

The negligence complained of was the maintenance of a wire across defendant's tracks by which plaintiff was struck while working on the top of a car.    The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

" It has been suggested that plaintiff was injured through the negligence of a co-employee of the defendant company.    I do not think that the injury resulted from any negligence of a co-employee.    That would be the engineer, or some of those workmen, or servants, who directed the car to be moved.    I do not think the injury resulted directly from the moving of the car.    It is not likely that any of the employees of the company knew that the plaintiff was on the top of this car at that time.    They so testify—those who have testified here.    The engineer did not see him; did not know he was on it when he hitched to the car to move it.    The plaintiff says he did not see the engineer until after the car got in motion.    It is not likely, I say, that those who directed the engineer to go in and move that car had any knowledge that the plaintiff was on top of the car, and the plaintiff had no reason to anticipate that the car would be moved while he was there.    He was told the car had been placed on that track for the purpose of being repaired, and would remain there long enough for him to have it repaired.    Now, if the engineer had backed that car in violently, and had struck the car on which the plaintiff was, and by a sudden jar caused him to fall off, that, I apprehend, would have been the negligence of a co-employee, because all those men are considered as engaged in one common business, and where a person is injured by the negligence of a co-employee, the company is not responsible.    Or, if the engineer, in moving the train out, had done it in such a negligent way as to injure the plaintiff, the negligence of a co-employee there would have prevented the plaintiff's recovery.    But the injury resulted from a wire that was stretched across the track, and the plain-. tiff says he did not know of it, and did not see it at the time. The case is one not free from doubt.    I regard the case in several respects as rather a close case, yet I wish the jury to pass upon the facts.    The only negligence, therefore, would be whether this wire was of a character that would reasonably

require the company to place it higher. That depends now largely upon the kind of business that would be transacted where the wire was. It was, according to the testimony, about five feet higher than the top of the hurricane deck of the passenger car, and about the same distance above the deck or roof of the highest and largest freight car. The principle that I lay down to you in the case, as to the negligence of the defendant company, is this: [If it could be reasonably anticipated by the defendant company that at some time a passenger car might pass under the wire while an employee of the company might be on the top, or a mechanic be making repairs on the roof, it would then be the duty of the company to place the wire high enough to avoid striking such a person, and a failure to place it that high would be a neglect of duty, which would be negligence.] [1]

" If you find that there was negligence of the railroad company as to that wire, under this instruction, then you pass to the second question. Was there contributory negligence on the part of the plaintiff? That depends now upon the facts as given in evidence, and I give you this principle as governing it: If the plaintiff, after the car began to move, did not look forward to see where the car was going, or see if there was any danger in standing up, or if, in any other respect, he did not observe that care and prudence to avoid injury, which an ordinarily careful man would have exercised, then he was guilty of contributory negligence, and cannot recover, no matter how negligent the defendant company may have been. Now you will take the testimony bearing on that. He was standing on the car, on the highest portion of the roof—the hurricane deck. He said he was walking forward, as I understand his testimony, and he was looking to one side. He said there was some smoke coming out from the locomotive. Now it is for you to say whether it was carelessness, negligence, imprudence, on his part in standing upright on the top of that upper deck, and not being careful to see where he was going, and to see whether there was any danger."

Defendant's request for binding instruction was refused. [2]
Verdict and judgment for plaintiff for $750.

*Errors assigned* were (1, 2) instructions, quoting them.

*Edwin W. Smith, P. C. Knox* and *James H. Reed* with him, for appellant, cited : R. R. v. Sentmeyer, 92 Pa. 280; Titus v. R. R., 136 Pa. 626; Melchert v. Brewing Co., 140 Pa. 448; Payne v. Reese, 100 Pa. 306; Ry. v. Bresmer, 97 Pa. 106; Wagner v. Chemical Co., 147 Pa. 479; Sykes v. Packer, 99 Pa. 468; City v. Magill, 101 Pa. 621; Barnes v. Sowden, 119 Pa. 53.

*A. M. Brown, John D. Brown* with him, for appellee, cited : Merriman v. Boro.,158 Pa. 78; Ely v. Ry.,158 Pa. 233; Kehler v. Schwenk, 151 Pa. 505; Rummel v. Dilworth, 131 Pa. 509.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

At the time of his injury the plaintiff was in the employ of the defendant as a tinner. He had been working for several months at the company's shops, and on the morning of the accident was sent to a station some miles distant to make repairs on the roof of a passenger car. The car was standing on a side track, and he was told that it would remain there until noon, and that he would have ample time to do the required work. He had been on the top of the car but a short time when an engine was attached to it. It was drawn rapidly forward, and he was struck by a wire stretched across the tracks and seriously injured. When the car moved he arose from his work and walked forward on the upper deck to learn the cause of the movement. As he approached the front of the car the smoke and cinders from the engine came directly against his face, and to avoid them he turned his head to one side, and was struck by the wire almost immediately afterwards. The wire, which was used as a guy to support a pole, was stretched across the track at a height of nineteen feet and one inch, and the top of the upper deck of the car was fourteen feet and four inches above the tracks. The main roof was some seventeen inches lower.

The plaintiff was not employed in the movement of trains, and he had no knowledge of the existence of the wire. There was nothing to call for unusual vigilance upon his part to avoid such a danger, nor was there anything to warn him of it. His only opportunity to avoid it was during the few moments after the car had started, when he was in a position of danger without neglect on his part, and when he was bewildered by smoke and

cinders from the engine.  He was held by the charge to the full measure of duty in this respect, and the case could not have been taken from the jury either upon the ground of contributory negligence or of the negligence of an employee in moving the car.

The remaining assignment relates to the portion of the charge excepted to, and we are of opinion that under the facts of the case it cannot be sustained.

The negligence charged against the defendant was in maintaining a wire improperly and negligently strung across the tracks.  While this might not have been dangerous to men employed in the movement of freight trains, because of the smaller size of the cars, or to those engaged in the ordinary operation of the road, it was still a fair question for the jury whether in the use of the siding for passenger cars and their repair thereon the wire was not a source of manifest danger to the company's employees.  If the use was probable and the danger was one to have been reasonably anticipated, the defendant was held to the duty of guarding against it.

The case, as was said by the learned judge before whom it was tried, is a close one, but we think it could not have been taken from the jury; and it was submitted in a charge which clearly and adequately stated the law applicable to the testimony.

The judgment is affirmed.