SCIDMORE, Appellant, vs. MILWAUKEE, LAKE SHORE & WEST-
ERN RAILWAY COMPANY, Respondent.

*December 12, 1894 — January 8, 1895.*

*Railroads: Negligence: Injury to employee: "Clearance posts:" Assump-*
*tion of risk.*

1. The maintenance of a "clearance post" between the main track and
   a side track, to indicate the point beyond which cars should be
   placed on the side track in order to clear trains passing on the
   main track, was not negligence rendering a railroad company lia-
   ble for injuries sustained by a brakeman who was thrown down
   by coming in contact with such post while alighting from cars for
   the purpose of operating a switch.
2. The brakeman, having known that clearance posts were used along
   defendant's road and their purpose, assumed, as one of the ordi-
   nary hazards of his employment, the risk incident to the existence
   of the particular post in question, although he had no actual
   knowledge of its existence.

APPEAL from a judgment of the superior court of Mil-
waukee county: R. N. AUSTIN, Judge. *Affirmed.*

The action is for personal injuries. The plaintiff was a
brakeman upon one of the freight trains on the defendant
road. In the performance of his duties it became necessary
for him to alight from a freight car on the main track, and
to cross over to the side track, to operate what is called a
"derailing switch," in order to enable other employees of
the defendant to place certain freight cars upon such side
track. It was in the night time. After waiting until the
speed of the car on which he was had slackened sufficiently,
he alighted, in order to cross over to the side track to close
the derailing switch. In alighting, he came against the
clearing post, fell, was thrown under the wheels of the mov-
ing car, and was injured. A clearing post is a post placed
between the main track and the side track, 150 feet from
their junction. It is painted white, with the top painted

black. It is designed to be a conspicuous object. Its office is to indicate to the train men the point upon the side track beyond which cars should be placed, in order to clear, safely, trains passing on the main track. Cars standing between the clearance post and the junction of the tracks are deemed to be in dangerous proximity to the main track, while cars standing beyond the clearance post are so far removed from the main track as to be no cause of danger to trains passing upon it. By means of the clearance post, engineers are enabled readily and surely to know whether the main track is safe as against danger of collision with cars standing upon the side track. So it is deemed that the operation of railroads is made safer by the use of clearance posts. The eye measurement and judgment of distances of an employee, however expert, is fallible. The post, placed by actual measurement, is sure. For this reason clearance posts are commonly used, and by many railroad experts are considered both a useful and necessary device or appliance, conducing to the safer operation of railroad trains. The plaintiff did not know of this clearance post, though he had seen such posts at other points on defendant's road, and knew what they were for. No other negligence than the existence of the post at the place of the accident is claimed against the defendant. There was judgment of nonsuit, from which the plaintiff appeals.

For the appellant there was a brief by *W. H. Timlin*, and oral argument by *N. Glicksman*. They contended, *inter alia*, that it is the settled rule in this state that it is the duty of the company to see that its tracks are not obstructed so as to render the duties of employees unnecessarily hazardous; and that this applies not only to the tracks but to the adjacent space necessarily used by such employees in the discharge of their duties. *Bessex v. C. & N. W. R. Co.* 45 Wis. 477; *Kelleher v. M. & N. R. Co.* 80 id. 584; *Stackman v. C. & N. W. R. Co.* id. 428. The company does not escape

Scidmore vs. Milwaukee, Lake Shore & Western R. Co.

the charge of negligence by interposing the excuse of convenience. A convenience must amount to a practical necessity to warrant a railway company in aggravating the danger to its employees. *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 584.

For the respondent there was a brief by *Fish & Cary*, and oral argument by *John T. Fish*. They argued, among other things, that this case is distinguishable from all the cases cited on appellant's brief, and all other cases where this court has held railroad companies liable for obstructions to track. In those cases there was no necessity for the obstruction complained of. In none of them had the defendant been exercising care and skill to mitigate the dangers of operating the road. On the other hand, they had negligently permitted unnecessary obstructions, aggravating the danger to employees who were carefully discharging their duties to the company.

NEWMAN, J. The clearance post is a common appliance in the operation of railroads. Men experienced in the business deem it a useful appliance, in that it conduces to greater safety in the operation of trains. No appliance is found which can remove, altogether, danger from the operation of trains. Danger is inherently and necessarily attendant upon the business. It is the duty of operators of railroads to reduce the danger so incident to the operation of railroads, so far as it is practically possible, by the use of such appliances as are in common use and as have been proved by experience to be useful in averting danger. A failure to use such tested and approved appliances has often been held to be negligence. It cannot be held that the existence of the clearance post at the place of the accident was negligence. So it is not shown that the negligence of the defendant was the cause of plaintiff's accident.

The plaintiff, by accepting defendant's employment, as-

sumed all the ordinary risks of the employment which were known to him or which he might have known by reasonable attention. He knew that clearance posts were used along the defendant's road, and he knew for what purpose they were used. He should have anticipated the existence of a post at the place of his accident. That was the very place where it was to be looked for. Whatever of danger was incident to the existence of that post at that place was one of the ordinary hazards of his employment. So the plaintiff's case fails upon both grounds. The judgment of nonsuit was right.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.

