This is an action of the case for negligence. The accident by which the plaintiff was injured occurred December 8, 1893. The plaintiff had been a conductor of passenger trains in the service of the defendant for a number of years. For several years prior to the accident it had been a part of his duty to run during alternate weeks a passenger train, one trip daily, over the Pawtuxet Valley branch of the defendant's road, from Auburn to Hope and from Hope to Auburn. On the date named, he left Providence on his train at 2.30 P.M. and, on arriving *Page 595 
at Pontiac, was ordered by the telegraph operator at that station to place his train on the side track, a little beyond the station towards Hope, in order to allow a freight train coming from Hope, which was too long to be run on to the side track, to pass on the main track. In compliance with this order the plaintiff run his train on to the side track and, in the performance of his duty, as he alleges, took his position near the forward end of the first car, between the side track and the main track, so that, if any of the passengers on his train should get off, he might warn them against passing over the main track in front of the approaching freight train. When the freight train had passed, he, without looking forward toward the engine of his train, signaled the engineer to start the train, and, when in the act of stepping up on to the steps of the car, near which he was standing when he gave the signal to the engineer, was caught and squeezed between a telegraph pole standing near the side track and the forward end of the car, receiving the injuries for which he sues. After the accident the telegraph pole was removed to another location, so that its exact position relatively to the side track at the time of the accident cannot be determined. The testimony, however, tends to show that it was so near to the track that it would clear the side of the car by not more than twenty inches. At the trial in the Common Pleas Division the jury returned a verdict for the plaintiff; and the defendant now petitions for a new trial on the ground that the verdict was against the evidence, and that the court erred in refusing to admit certain testimony, and in its instructions to the jury.
We do not think that the verdict was against the evidence. The erection and maintenance of the telegraph pole so near to the side track as to expose its employees to the risk of injury while performing their duties was negligence on the part of the defendant. Whipple v. New York, New Haven Hartford R.R. Co,.ante, p. 176, and cases cited. The question whether the plaintiff was guilty of contributory negligence in not looking forward to see if there was any obstacle that might hit him in attempting to get on to the *Page 596 
train before giving the signal to the engineer to start the train, or in not getting upon the train before giving the signal, was for the determination of the jury. In view of the facts appearing in evidence that the plaintiff's duty as a passenger conductor were to a great extent inside the train and therefore he did not have the opportunity to familiarize himself with structures along the track; that he did not know the location of this pole; that he had never before been upon the side track; that his attention was directed to the passing of the freight train and to seeing that none of his passengers, if they should alight from the train, attempted to cross the track in front of the freight train; that the road was a single-track road, and the time for him to run to Hope and back again to Auburn to make his train connection at that station was short; we think that the question whether he was in the exercise of due care was one upon which reasonable minds might differ, and that therefore, the jury having found that he was not negligent, we ought not to disturb their finding.
We do not think that the plaintiff is to be held to have assumed the risk of injury from the pole. The risk was not one incident to the employment, because the defect — the location of the pole dangerously near to the side track — was a breach of the defendant's duty so to locate the pole that it should not be dangerous to its employees. The risk of injury from such a defect is not assumed by the employee unless he has knowledge or competent means of knowledge of it, and continues in the employment. Whipple v. New York, New Haven Hartford R.R.Co., ante, p. 176; Scanlon v. Boston Albany R.R. Co.,147 Mass. 484; Lovejoy v. Boston Lowell R.R. Co., 125 Mass. 79;Baker v. Maryland Coal Co., 35 Atl. Rep. 10. As already stated, the plaintiff had never been on the side track, did not know of the location of the pole, and had never had his attention directed to it. As a passenger conductor his duties were inside the train, except when at a station, and he did not therefore have the opportunity to observe the location of structures along the track which a freight brakeman, whose *Page 597 
duties are on the outside of the train, or an engineer, whose attention is directed to objects outside of the train, would have. The only means of knowledge which he could have possessed was from observing it casually, if not busy with his duties, when passing it upon his train along the main track. The familiarity which he could acquire with it in this way was not such that it can be presumed that he had knowledge of its dangerous proximity to the track.
We do not think that the Common Pleas Division erred in excluding the testimony of Edward P. Dawley, a civil engineer in the employment of the defendant, as to other dangerous obstructions on the line of the railroad over which the plaintiff was accustomed to run his trains. It was not proposed to show in connection with it that the plaintiff had knowledge that these obstructions were dangerous, and for the reasons already stated we do not think that they were risks assumed by him as incident to the service.
We think the instructions to the jury were sufficiently favorable to the defendant.
New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.