## V. T. Malott, Receiver, etc., v. Keefer Laufman, Adm.

1. ORDINARY CARE—*Evidence of in the Absence of Eye Witnesses.*— Where a person in the employ of a railroad company is killed and there are no eye witnesses to his death, evidence that he was a sober man, usually careful, in good health and his faculties unimpaired, is competent to show that he was in the exercise of ordinary care for his personal safety at the time of his death.

2. NEGLIGENCE—*Allowing Mail-cranes to Lean too Near the Track.*— It is negligence in a railroad company to permit a " mail-crane" to lean so near its track as to endanger the lives of its employes in charge of its trains, while properly discharging their duties.

Malott v. Laufman.

Action in Case.—Death from negligence. Error to the Circuit Court of Edgar County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900. Rehearing denied May 17, 1900.

J. E. DYAS and T. J. GOLDEN, attorneys for plaintiff in error; JOHN C. WILLIAMS of counsel.

DUNDAS & O'HAIR, attorneys for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by defendant in error, as receiver of the Terre Haute & Indianapolis Railroad Company, to recover damages for negligently causing the death of said deceased. The negligence charged in the declaration was that plaintiff in error, while operating a railroad from Indianapolis to East St. Louis, suffered the mail-crane at or near Stubblefield station, in Bond county, Illinois, on the line of said railroad, to become and remain out of repair for a long time, so that it leaned toward the tracks of their railroad there to such an extent as to unnecessarily endanger the safety of the servants of plaintiff in error who were in charge of the locomotives that passed said mail-crane when upon the track, while such servants were properly discharging their duties thereon and exercising due care for their safety.

The declaration also averred that said deceased, in his lifetime, was employed by plaintiff in error as a fireman upon a locomotive which was drawing a passenger and mail train for plaintiff in error upon said railroad, past said mail-crane at a rapid rate of speed, and while said deceased was in the proper discharge of his duties thereon, and was in the exercise of due care for his safety, he was struck on the head by said mail-crane and a mail-bag then suspended thereon, and was instantly killed thereby, for the reason that said mail-crane was permitted to lean too near to said locomotive when it passed; that said deceased left surviving him a widow and five minor children, all of whom he supported, and who were pecuniarily damaged by the death of said deceased; and that defendant in error is the duly

appointed administrator of the estate of said deceased, and as such sues to recover $5,000. damages from plaintiff in error for so negligently causing the death of said deceased. Plaintiff in error pleaded not guilty, and the case was tried by a jury, who returned a verdict in favor of defendant in error for $5,000 damages, upon which judgment was rendered. To reverse that judgment plaintiff in error prosecutes this writ of error, and insists that the verdict is contrary to the evidence, and that the court gave the jury instructions at the instance of defendant in error that were prejudicial to him.

Counsel for plaintiff in error in their printed brief and argument filed in this court, admit that the evidence shows that Charles W. McFarland was struck on the head and face by the mail-crane or mail-sack suspended thereon, while he was a fireman in the employ of plaintiff in error, on a locomotive pulling the passenger and mail-train west on the railroad in question, at the time and place claimed; but they insist it fails to show that his death was caused from the injuries he thereby received, and that it also fails to show that he exercised due care to avoid being struck.

We find the evidence shows that the locomotive upon which McFarland was fireman was running from forty to fifty miles per hour when it passed the mail-crane which struck him; that he was seen putting coal into the fire box of the locomotive when it was about one mile from and approaching the crane, and that after he passed it one-fourth of a mile, he was again seen lying across the window-sill of the side window of the cab toward the crane, with his head and arms hanging outside, and the rest of his body inside; his head was bleeding, he unconscious, and that he died immediately thereafter.

There was a bruise just above his right eye and another on his head in the part of his hair; the length of the latter bruise was indicated by his widow when testifying as a witness, but the dimensions are not given in the bill of exceptions. The cap he wore when struck was shown to the jury, and had two holes in it which were not there before he received his injuries. These facts, we think, fully war-

ranted the jury in concluding that his death was caused by the injuries he received when struck.

On the question of the care he used to avoid being so struck, the evidence shows that he was then making his first trip when the locomotive he was firing on pulled a train that took a mail-sack from this crane; that when no mail-sack was hung thereon, it did not lean near enough to the track to endanger the servants in charge of the locomotives that passed it, but that when a mail-sack was hanging to it, then, by reason of its being loose where it was fastened to the post in the ground, it leaned toward the track so far as to come within from seven to twelve inches of the cab window of the large locomotive upon which McFarland was fireman, when passing, and that it had been loose and leaning in that way for about three or four weeks before that time. No one saw just what the deceased was doing, or the position he occupied when he was struck, but the evidence does show he was a sober man, usually careful, in good health, with all his faculties unimpaired, and when killed, had been a locomotive fireman on this road continually for about ten years; that it was his duty as such fireman, to ring the bell on the locomotive before reaching the station in question, and while passing the same, and to keep a sharp lookout in front and toward the rear of the train, and at the locomotive on his side to see that all were properly in order and free of danger; and although it was light, being about 2:35 P. M. when he was killed, yet, under all the circumstances shown by the evidence, we are satisfied that he was exercising due care for his safety when struck, because in performing all the duties required of him as fireman, and the excitement incident to the surroundings at the time, and it being his first trip with a train that took mail there, it was not unreasonable for him to have his head out of the side window from eight to fourteen inches, and it was gross negligence on the part of the plaintiff in error to permit the crane and mail-sack to lean so near to his side of the cab window when the locomotive was running from forty to fifty miles an hour past it.

We therefore think the jury were justified in believing from all the evidence that McFarland was properly performing his duty and in the exercise of due care for his safety when he was killed.

Counsel for plaintiff in error complains that two of the three instructions given at the instance of the defendant in error were well calculated to have prejudiced the rights of their client before the jury, and inasmuch as there was a conflict in the evidence on the issuable facts, and the jury found against their client, and as the damages were assessed at the full limit allowed by law, therefore we ought to assume that those instructions contributed to such finding, and it was therefore prejudicial error to give them, and we ought to reverse the judgment on that account.

From all the evidence we do not consider the case at all close on the facts; on the contrary, the evidence clearly shows that plaintiff in error is guilty of the negligence charged in the declaration, and the deceased was only forty-three years old, a sober, industrious man, earning $55 per month when killed, and left surviving him a widow and five minor children, the eldest nineteen and the youngest two years old, all dependent for their support upon him, except the oldest child, who was earning something, so that $5,000 damages were not an excessive amount, nor was it claimed to have been excessive by plaintiff in error in his motion for a new trial or in his assignment of errors. The two instructions complained of are open to some criticism, but the judgment appealed from being right on the whole record, we must affirm it.    Judgment affirmed.