## NORTHERN PAC. RY. v. PERRY.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1902.)

No. 761.

**1. MASTER AND SERVANT—INJURY OF BRAKEMAN—DEFECTIVE APPLIANCES.**

Plaintiff, while employed as brakeman on a freight train on defendant's road, was injured by being knocked from the top of a car by the spout of a water tank which hung down in nearly a horizontal position over the track. There was testimony of several witnesses tending to show that for some weeks before the accident the spout, after being used and released, would not spring back to an upright position, as it was intended to do, and that, after being raised up, it would gradually settle down again. One witness testified that this occurred within an hour previous to the accident. *Held*, that such evidence justified the court in refusing to take the case from the jury on defendant's motion, as being sufficient, if believed, to sustain a finding by the jury that the injury did not result from the negligence of fellow servants, but from the defective condition of the spout and its appliances, which had existed for such length of time that defendant would have known of it if it had performed its duty of inspection.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

Lewis G. Perry, the defendant in error, brought an action against the Northern Pacific Railway Company for damages on account of injuries which he sustained on June 24, 1899, by being knocked from one of the trains of the railroad company. He alleged in his complaint that he was working in the capacity of a freight brakeman upon a fast stock train, and that through the negligence of the plaintiff in error a certain water pipe, used to take water from a tank alongside the main line of the railroad, became disordered, rusty in its pulleys, and disabled, so that the pipe, after supplying a passing engine, was negligently allowed to remain standing out over the track of the railroad, and to hang over the cars of the trains; and that the pipe, after supplying water to engines, would not recoil back to its original position; and that the plaintiff in error negligently continued to permit such pipe to hang over the said track; and that while standing on his train looking backward for signals at a depot which he was passing the defendant in error was struck by the water pipe, and knocked from the top of the train to the ground, whereby he sustained severe injuries. The answer of the plaintiff in error put in issue all the averments which charged it with negligence, and asserted that the pipe was properly constructed, and suitably adjusted, and that it could not, of its own accord, come down from its upright position; that, if it was down from its perpendicular and proper position, it was through the neglect of some fireman or other person. Trial was had upon these issues, and the jury returned a verdict for the defendant in error for $2,500. At the motion of the plaintiff in error, a new trial was ordered, and upon the second trial a verdict was returned for $12,000. A second motion for a new trial was denied by the court on condition that a judgment for $7,500 be accepted by the defendant in error, which was done, and judgment was entered for that amount.

Jas. F. McElroy and B. S. Grosscup, for plaintiff in error.

James Hamilton Lewis and Thos. B. Hardin, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended that upon all the evidence in the case the court erred in denying the request of the plaintiff in error to direct a verdict in its favor on the ground that the injury sustained by the defendant in error was a risk incidental to his employment, and for the reason that there was no evidence sufficient to show negligence upon the part of the plaintiff in error. There is direct evidence to the effect that at the time when the defendant in error was injured the spout was down from its perpendicular position, and was hanging across the track, and that it struck him, and knocked him off the train. The plaintiff in error contends that, conceding these facts, it does not follow that there was negligence upon its part, and that the case lacks direct testimony to the effect that the accident occurred through its negligence, and that, in the absence of proof to show that the spout was not left in the position in which it was found by the negligent act of a fellow servant, and in the absence of evidence to show that it did not come down across the track by reason of faulty construction, the case should have been taken from the jury, since it was incumbent upon the defendant in error to point out the facts which constituted the negligence of the railroad company; and that, if the evidence was such as to leave the question of the cause of the injury to conjecture only, it was error to refuse to take the case from the jury. It is not within the province of this court to weigh the evidence which went to the jury. The trial court did not err in denying the motion if there was any evidence to support the allegations of the complaint. We think such evidence is found in the testimony. Jacob Horweg testified that just prior to the accident he saw the approaching train upon which the defendant in error was standing, and observed that the water spout was hanging across the track, and was apprehensive of injury to the defendant in error, and that he looked until he saw him knocked from the train. He testified further that this accident occurred about 6 o'clock, or shortly thereafter; and that a short time before 6, or some time between 5 and 6, he had seen an engine stop at the water tank and take on water, and that the fireman in charge of the engine, after taking water, raised the spout up, and that "it came back slow and stopped"; that he saw the spout shoved clear up, and then come back slowly; that the spout would bump against the tank, and then fall back. He testified that he had seen this a number of times, and that he and his neighbors had discussed this defective condition of the spout, and had predicted that somebody would get hurt. William Mack, an employé of the railroad company, who had used the water spout in watering engines, testified that on one occasion some two months prior to the accident he found the spout hanging over the track, and that he got hold of one of the weights, and pulled hard down to move the spout up to its proper position, another man helping him by lifting the spout; and he testified that the difficulty with the spout was that the weights were too light to pull it back to its proper position, and that, if the weights had been heavy enough, it would have come back to its proper position. Rasmus Sorensen

testified that he had noticed the water spout down a short time before the accident, and had commented on the danger of some one getting hurt; that the same day it was put up again, and that five or six days after he noticed it was down again, and noticed the same thing afterward. He stated that on one occasion two firemen, after taking water, seemed to have difficulty in getting the spout back in its position, and that they finally got it up and went away; "but it came back a little, and in ten minutes it had come back two-thirds of the way down."

The plaintiff in error relies upon the admission made by the defendant in error in the reply "that such water spout was so adjusted by cords, weights, and pulleys that the same would not and could not drop from the said perpendicular position alongside of said tank unless the same was drawn down by means of a rope," and contends that by that admission the defendant in error precluded himself from proving any fault or insufficiency in the weights which operated the spout. But the plaintiff in error entered no objection to any of the testimony which was introduced to show these defects. Not all of the evidence of such defects, however, would have been subject to the objection if it had been made. Some of the evidence introduced by the defendant in error was of such a nature that the jury might have found that, while the weights were sufficient to sustain the spout in a perpendicular position after it had been placed in such position, they were defective for the reason that they were not sufficient to carry the spout when pushed upward after having been used for watering purposes, or to hold it upright at any position except the perpendicular.

The plaintiff in error contends that the defect, if any, in the apparatus whereby the spout was operated was latent, and that the evidence falls short of showing that the plaintiff in error had notice of its defects, or that negligence is imputable to it for its failure to remedy the same. The evidence to which we have heretofore alluded is sufficient, we think, if credited—as it must have been—by the jury, to sustain the verdict. It refers to a defective condition of the spout, existing some months prior to the accident, a condition which was observed and commented upon by the witnesses and others, residents of the town of Cheney, where the accident occurred. Sorensen testified that the section foreman on the railroad was present at the time when he and another, with some difficulty, restored the spout to its proper position. The evidence, moreover, in our judgment, is sufficient to have justified the jury in finding that the position of the pipe hanging across the track as it did at the time of the accident was not owing to the carelessness of some fellow servant of the defendant in error who had used the same, but was owing to defects in the operating apparatus, probably induced by time, rust, or wear, and getting out of repair, which prevented the spout from rising to a perpendicular position automatically through its weights, and permitted it, after being pushed up, to return toward a horizontal position. It was observed thus to fall across the track, after having been used and pushed up, within less than an hour previous to the accident. The plaintiff in error owed its employés the duty of properly inspecting its road and all the appliances thereof, and of correcting discoverable

defects which might cause injury to the lives or limbs of its employés. Railway Co. v. O'Brien, 161 U. S. 451, 16 Sup. Ct. 618, 40 L. Ed. 766; Railroad Co. v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994; Railroad Co. v. McDade, 50 C. C. A. 591, 112 Fed. 888; Railroad Co. v. Mortensen, 11 C. C. A. 335, 63 Fed. 530; Railway Co. v. Price, 38 C. C. A. 239, 97 Fed. 423; Dunn v. Railroad Co., 46 C. C. A. 546, 107 Fed. 666.

Upon the whole record we are unable to see that the circuit court erred in denying the motion of the plaintiff in error.