LEARY *v.* HOUGHTON COUNTY TRACTION CO.

1. MASTER AND SERVANT—NEGLIGENCE—STREET RAILWAYS.
   An inference might reasonably be drawn by the jury that defendant's car inspector was guilty of negligence, from testimony that the step from the side to the top of its street car was broken off, that no mishap occurred to the car while it was under plaintiff's charge, and that the car had been inspected on the previous night.

2. SAME—INSPECTION.
   Plaintiff did not assume the risk of negligent inspection.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   But he was guilty of contributory negligence where he climbed onto the car by using the grating over a window and a hand-

hold, neither of which were intended for such purpose, so that he failed to observe the absence of the step provided for the purpose of climbing up, and descended without investigating whether the step was in place, since its absence was obvious and should have been observed by him.

Error to Houghton; Streeter, J. Submitted January 10, 1912. (Docket No. 38.) Decided July 22, 1912.

Case by John J. Leary against the Houghton County Traction Company for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on error. Affirmed.

*O'Brien & Le Gendre*, for appellant.

*Allen F. Rees*, for appellee.

McALVAY, J. This is an action brought by the plaintiff to recover damages for personal injuries sustained by him on February 14, 1908, while acting as conductor on one of the motor cars of defendant, a Michigan corporation, operating an electric railway in Houghton county. At the close of plaintiff's case, counsel for defendant moved for a directed verdict in its favor on the ground that from the most favorable view of the evidence in favor of plaintiff it shows that he was guilty of contributory negligence, and also that the accident resulted from a risk assumed by him. By an agreement between counsel some further testimony as to one matter was taken by plaintiff. The court then granted the motion and instructed a verdict as requested, for the reason that in the opinion of the court the plaintiff was guilty of contributory negligence. Upon such verdict a judgment was duly entered and plaintiff has removed the case to this court by writ of error for review.

The facts briefly stated are: That plaintiff, aged 28 years, had been employed by defendant for about 7 years as conductor and inspector. At the time of his injury he was employed as a conductor on the main line of its road

running from Houghton to Red Jacket, passing through Hancock and Laurium. At the latter place the company has car barns and car inspectors. On this day at Laurium there were two car inspectors at the barn where plaintiff received car No. 16 at about 5:30 a. m. He made the trip to Red Jacket at the north end of the road from Laurium, and then proceeded to Houghton, at the southern end, without mishap, passing through Laurium and Hancock. When at Houghton, he attempted to pull down the trolley, and the rope attached to it broke or came off, making it necessary for him to go on top of the car to attach or repair the rope. For the purpose of getting up or down to and from the top of this car, an iron step two inches wide and three inches long was fastened on the back of the car, near the door at the right as you enter. The step on this car was 2½ feet from the top. The top of the car may also be reached by stepping on the handhold bar, and then on the bars across the window, going up in that way. Plaintiff on this occasion went up in the way last described, and, having repaired the trolley rope, started to come down by way of the step provided by defendant for that purpose. He took hold of the grabirons on the roof of the car with his hands, and, with his face towards the car, proceeded to let himself down. The step on the end of the car was not there, and, instead of landing upon it with his foot, he fell to the ground. He was bruised and injured on his shoulder, and the bones of the ankle of his right foot were displaced and fractured, and the ligaments ruptured, causing what is claimed to be a permanent injury.

The record shows that, when cars were turned in at night at the barns, it was the duty of the conductor to report all defects, breaks, etc., which they had noticed on their runs. It was the duty of the car inspector to inspect the cars during the night, and get them in condition to run before they went out the next day. Plaintiff had received this car from one of the inspectors on that morning, and had not noticed the absence of this step. There

is nothing in the record to show what caused this step to come off or to be broken off from the car, or when its removal occurred. It does appear that the car proceeded on this trip without mishap before plaintiff was injured.

Much attention is given in its brief to defendant's contention that there is no evidence in the case of the negligence of the defendant, and—

"That the defect claimed by plaintiff was obvious to the most common understanding, and the risk arising therefrom was therefore one which was assumed by plaintiff when he undertook in the course of his employment to ascend to and descend from the roof of the car."

We do not think that from this record it may be said as a matter of law there was no evidence of defendant's negligence. A reasonable inference might be drawn from the testimony that the car when the accident occurred was in the same condition as when received from the inspector at the barn, which would require the question of a reasonably careful inspection to be submitted to the jury.

Our opinion is that the question of assumed risk of the employment is not involved in this case. Strictly speaking, the assumed risks of an employment are the risks usually incident to such employment. Every person whose negligent acts result in injury may be truly said to have assumed the risk of such injury, but such assumption of risk has no relation whatever to the doctrine of assumed risk which arises from the contractual relations between master and servant. An interchangeable use of terms in the decisions of this and other courts has given rise to a confusion with respect to assumption of risk and contributory negligence which should be avoided. In some cases, as has been said, they may be inseparably connected, but in this instant case it appears to us that the doctrine of assumed risk is not applicable. The only fault to be charged to plaintiff, if any, is that by his negligence he contributed to his injury. In our opinion, therefore, the only question necessary to be determined by us is whether the trial

court erred in holding that plaintiff could not recover because of his contributory negligence.

As in all cases where a verdict is instructed against a plaintiff, we will give the evidence in this case the most favorable construction for plaintiff it will bear. Giving the plaintiff the full benefit of the rule above stated, we must determine whether, as a matter of law, we should say he was guilty of contributory negligence. It appears that this step was fastened on the end of the car, little higher, if any, than the head of an ordinary man, and in plain view. It was there for the use of employés of defendant to go to and from the top of the car, and this was well known to the plaintiff. Plaintiff did not use this way on going up, but undertook to go to the top of the car by the window bars. He, however, knew when he was about to undertake this ascent that he must come down from the car, and chose this way of coming down, without making any observation or taking any notice of the condition of this appliance by which he undertook to come down, when the defect complained of was open, obvious, and apparent, and required only the most ordinary observation and notice in order to give him full knowledge of its condition. The discovery of this defect required nothing in the way of what may be called an inspection, but was obvious to ordinary observation, or even the most casual observation. The learned trial judge, in passing upon the question, said:

"Now, negligence is simply want of care. That is all. It is not something that a man does intentionally or actively, and with deliberation and using his will to perform a particular act, but it simply means that he is careless. Now in applying that rule to this case what are the facts? Leary was an experienced employé of the street car company. He had been in its employ something like seven years, a greater portion of that time as conductor on the cars, the rest of the time as an inspector. He knew all about the cars. That is, how they should be when they were on the road and running. He knew they

provided for the employés in ascending to the roof of the car, for years, a foot step, as he denominated it and as he has described it. He has testified that that step was situated about the height of his head as he stood on the platform of the car. That is, the door of the platform from which he started to go. The time of the accident is in daylight. The step, from his testimony, is made expressly for the use of employés in ascending the car. He did not notice that the step was lacking. He did not undertake to use the step, the means provided by the company for getting on top of the car, but took another way which he preferred, but not a way provided by the company, and, when he descended without ascertaining whether the step was there or not, he came down in the manner that has been detailed to you by his testimony. Now, I think that there can be no question that Leary was careless in not observing whether there was a step there or not at the time he went on the car; and he certainly was careless having gone up that way, by undertaking to come down from the car in a way different from the one he went up, in not ascertaining whether the step was there when he came down, and therefore I direct you to bring in a verdict in favor of the defendant."

This is in accord with the weight of the authorities relative to the duty to discover danger.

"While a person is not required to use extraordinary care, the law requires of him a reasonable exercise of his faculties to observe and discover danger. Hence if the defect or danger is visible and obvious, the failure of a person to discover and avoid it amounts to contributory negligence." 29 Cyc. p. 513, and cases cited.

We agree with the conclusion of the trial court that, as a matter of law, the plaintiff was guilty of contributory negligence.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit.