BOYLEN v. BERKEY & GAY FURNITURE CO.

1. NEGLIGENCE—RAILROAD BRAKEMAN SWITCHING CARS ON PRIVATE PROPERTY IS INVITEE.
     Brakeman on private premises for purpose of switching cars is invitee.

2. SAME—DUTY OF OWNER OF PREMISES.
     It is duty of owners of premises to use such reasonable care as ordinarily prudent person would exercise to avoid injuring employees of railroad company engaged in switching cars thereon.

3. Same—Brakeman Bound to Anticipate Conditions.

> Brakeman having knowledge that premises he was entering for purpose of switching cars was used for manufacturing purposes was bound thereby to anticipate that premises might be used for any and all purposes consistent with advancement of said manufacturing interests, including presence of trucks and structures necessary in loading and unloading freight from railroad cars.

4. Same—Burden of Proof—Assumption of Risk—Contributory Negligence—Directed Verdict.

> Brakeman is not entitled to recover for personal injuries received by coming in contact with loaded truck while engaged in switching cars on private premises, where he failed to sustain burden of proving defendants' negligence, that he did not assume risk, or that he was free from contributory negligence.

Appeal from Kent; Perkins (Willis B.), J. Submitted June 17, 1932. (Docket No. 103, Calendar No. 36,600.) Decided October 3, 1932. Rehearing denied December 6, 1932.

Case by Thomas P. Boylen against Berkey & Gay Furniture Company, a corporation, and another for personal injuries alleged to be due to defendants' negligence. Verdict and judgment for plaintiff. Defendants appeal. Reversed.

*Cornelius Hoffius,* for plaintiff.

*Dunham, Taylor & Allaben,* for defendants.

Potter, J. Plaintiff, employed by the Grand Trunk Railroad Company as a switchman, on March 10, 1931, was injured while engaged in switching cars on defendants' premises. At the time of the injury he was hanging on the outside of a freight car on the ladder and stooped down to uncouple cars. The car on which he was riding passed a loaded furniture truck belonging to defendants

standing near the switch track, and plaintiff was severely injured by striking this truck. He brought suit against defendants and recovered judgment, from which defendants appeal, claiming plaintiff was guilty of contributory negligence, defendants were not guilty of negligence, there was error in injecting the subject of insurance into the case, and in overruling defendants' motion for a new trial.

Plaintiff was an invitee upon the premises of defendants. *Smith* v. *New England Cotton Yarn Co.,* 225 Mass. 287 (114 N. E. 353); *Montevallo Mining Co.* v. *Little,* 208 Ala. 131 (93 South. 873); *Smith* v. *Newark Ice & Cold Storage Co.,* 8 Ohio Dec. 283; *Fry* v. *Hillan* (Tex. Civ. App.), 37 S. W. 359; 45 C. J. p. 819. It was the duty of defendants to use such reasonable care as an ordinarily prudent person would exercise to avoid injuring employees of the railroad company engaged in switching cars.

Many cases have arisen elsewhere involving injuries to railroad employees by coming in contact with objects too near the track, such as cattle-chutes, *Allen* v. *Railway Co.,* 57 Iowa, 623 (11 N. W. 614); cattle-guards, *Murphy* v. *Railroad Co.,* 115 Mo. 111 (21 S. W. 862); clearance posts between the main track and the switch track, *Scidmore* v. *Railway Co.,* 89 Wis. 188 (61 N. W. 765); coal sheds, *Chicago & A. R. Co.* v. *Stevens,* 189 Ill. 226 (59 N. E. 577); derricks, *Gates* v. *Railway Co.,* 2 S. D. 422 (50 N. W. 907); girders between the pillars of an elevated railroad structure, *Sullivan* v. *Railroad Co.,* 19 App. Div. 195 (45 N. Y. Supp. 1083); lumber piles, *Bessex* v. *Railway Co.,* 45 Wis. 477; mail cranes, *Malott* v. *Laufman,* 89 Ill. App. 178; *Sisco* v. *Railway Co.,* 145 N. Y. 296 (39 N. E. 958); overhead wires, *Stoltenberg* v. *Railroad Co.,* 165 Pa. 377 (30 Atl. 980); projecting rocks, *Wintuska's Admr.*

v. *Railroad Co.,* 14 Ky. Law Rep. 579 (20 S. W. 819); projecting roofs, *Quinn* v. *Railroad Co.,* 175 Mass. 150 (55 N. E. 891); signal posts, *Johnson* v. *Railway Co.,* 43 Minn. 53 (44 N. W. 884); station limit boards, *Central Trust Co.* v. *Railway Co.,* 73 Fed. 661; stone piles, *Donahue* v. *Railroad,* 178 Mass. 251 (59 N. E. 663); station stands, *Bonner & Eddy* v. *La None,* 80 Tex. 117 (15 S. W. 803); switch targets, *Pidcock* v. *Railway Co.,* 5 Utah, 612 (19 Pac. 191, 1 L. R. A. 131); telegraph poles, *Crandall* v. *Railroad Co.,* 19 R. I. 594 (35 Atl. 307); projecting timbers, *Hughes* v. *Railroad Co.,* 91 Ky. 526 (16 S. W. 275); trees, *Pittsburgh, etc., R. Co.* v. *Parish,* 28 Ind. App. 189 (62 N. E. 514, 91 Am. St. Rep. 120); water tanks, *Davis* v. *Railroad Co.,* 21 S. C. 93; water spouts, *Northern Pacific R. Co.* v. *Perry,* 54 C. C. A. 65 (116 Fed. 609).

Similar questions have been before the Michigan court. In *Illick* v. *Railroad Co.,* 67 Mich. 632, plaintiff, a switchman of defendant railroad company, was killed by striking a bridge. The space between the side of the bridge and the ladder on the car where the brakeman was riding, was two feet and three inches. The court said:

"The danger in going up the ladder at that place was before him, and was as plain to his observation as to any person connected with the train, or whose duty it was to run upon the road. It was not his duty, on the signal for brakes, to go up the ladder when the service was fraught with such danger. * * * The duties of his employment did not require him to go upon the box car until he had passed the bridge. It did, however, require him to observe and take knowledge of the danger, if any, in crossing the bridge, if such knowledge could be obtained by his own observation. * * * It is well settled that the employed assumes all the risks and perils usu-

ally incident to the employment, and that included in such risks and perils are those which it is a part of the duty of the employed to take knowledge of by observation. * * * It was not only the duty of the brakeman to know of the dangers at this bridge, but it appears from the conductor's testimony that he had previously had warning to be careful.''

In *Ramsay* v. *C. K. Eddy & Sons,* 123 Mich. 158, plaintiff, a brakeman on a freight train, sued to recover damages for being injured while engaged in switching cars in defendant's yards by coming in contact with the boards projecting from a lumber pile adjacent to the track. Plaintiff had charge of the train. The court said:

''He possessed all his faculties, and was an experienced switchman. It was broad daylight; and the evidence is conclusive that, had he looked, he could have seen that it was dangerous to ride on the ladder by these boards. They were eight feet from the ground. The lumber had been piled in this position for more than a year prior to the accident, and cars had been hauled there many times. The railroad company had given the defendant no notice that the piles were in dangerous proximity to the railroad tracks. * * * The danger was just as apparent to him as it could have been to anybody else. There was no question of fact for the jury to determine.''

In *Carr* v. *Railway Co.,* 152 Mich. 138, plaintiff, a brakeman, was injured while in the performance of his duty by coming in contact with a cattle chute 3 feet, 11 inches from the nearest rail. It is said:

''It conclusively appears from the testimony that plaintiff's train had passed this chute some 10 or 12 different times, in the daytime, when there was nothing to interfere with his seeing it if he looked

in its direction; that he had done work on the siding at different times, and, on the morning of the accident, the train had set off four stock cars, which they picked up on their return at night; that he understood that it ·was his duty to familiarize himself with the location of permanent structures on side tracks; that plaintiff knew such structures were located on the outside of the side track, and that if he had endeavored at any time to ascertain what structures were located along this siding he could easily have ascertained the location of this cattle chute. The defendants had a right to rely on plaintiff's using due diligence to familiarize himself with the location of all of the permanent structures along this siding, and, in our opinion, the evidence is conclusive that, if he had used such diligence, he must have discovered the cattle chute and its location upon a curve.''

In *Leary* v. *Houghton County Traction Co.*, 171 Mich. 365 (45 L. R. A. [N. S.] 359), plaintiff was a conductor on defendant's motor car. He went on top of the car to repair a trolley rope and started to come down by way of the step provided by defendant for that purpose. The step on the rear end of the car was not there and instead of landing upon it he fell to the ground and was severely injured. It is said:

''He, however, knew when he was about to undertake this ascent that he must come down from the car, and chose this way of coming down, without making any observation or taking any notice of the condition of this appliance by which he undertook to come down, when the defect complained of was open, obvious, and apparent, and required only the most ordinary observation and notice in order to give him full knowledge of its condition. The discovery of this defect required nothing in the way

of what may be called an inspection, but was obvious to ordinary observation, or even the most casual observation.''

In *Phelps* v. *Railway Co.*, 122 Mich. 171 (7 Am. Neg. Rep. 72), plaintiff, employed by defendant as a brakeman, was injured by striking a fish house, built near defendant's tracks, while engaged in switching cars. He stood on the lower step of the ladder on the car, held on to it with his left hand and with the other took hold of a lever at the end or corner of the car for the purpose of uncoupling the cars. When the cars were in motion he attempted to uncouple them and his body came in contact with the fish chute and he was forced between it and the car and seriously injured. The court quoted with approval the rule as laid down in 3 Elliott on Railroads (2d Ed.), §§ 1290 and 1269, and held that the plaintiff assumed the risk. A rehearing was granted in this case, whereupon the court, by unanimous opinion, said:

''The rule is very different than where such obstruction abuts upon a side track. Such conveniences near side tracks, or abutting on them, are usually necessary for the conduct of railroad business, and, in making up trains, brakemen and switchmen must be on the lookout for them; while, where they abut on the main track, and not in yards where trains are usually made up, servants of railroads may expect that such obstacles will not be placed in so close proximity to the track as to make them dangerous.''

Plaintiff claims it was the duty of defendants, after giving orders to the railroad company to switch their cars, to keep the tracks and sides of the tracks clear from all obstructions that might in

any way interfere with the duty of the railroad company and its employees in the performance of their duties, and to take notice of and watch for the coming in of the switch engine and crew, to perform work in its plant, and to keep the tracks and the sides of the tracks clear from all obstructions interfering with the removal of cars and with the employees of the railroad company in doing their work. Plaintiff charges defendants were negligent because, having ordered the railroad company to switch cars, they failed to keep watch and look out for the switch engine and crew, in order to be ready for them and have the tracks and sides along the tracks free and clear from obstructions; that defendants failed to have the tracks and sides thereof free and clear from factory trucks, and defendants failed to properly guard the tracks and sides along a spur track and extra switch so as to keep it free and clear from obstructions both on the tracks and along the sides thereof, in order that the train crew might have a safe place in which to perform its work; and by reason of defendants' negligence plaintiff was injured.

The yards of defendants are fenced. There is a gate where the switch tracks enter defendants' yards. This gate is kept locked. The lock provided is one which may be opened by the switching crew with a switch key. On the day in question, the railroad employees unlocked the gate and entered the yards of defendants for the purpose of switching cars. Defendants owned the premises in question and they had a right to use and occupy them in any and every way reasonably necessary and convenient to advantageously adapt them to their own use, benefit, and profit. Plaintiff knew when the gate was unlocked and the engine pushed through he was

entering private property devoted to the purposes of manufacturing. He was bound by such knowledge to anticipate the premises might be used for any and all purposes consistent with the advancement of defendants' manufacturing interests. He knew the rule applicable to structures adjoining a main line track of railroad was different from that applied to structures adjoining switch tracks on private property. There is no question in this case but there was ample clearance between the railroad car in question and defendants' truck, which was standing near the track, and ample clearance for a man riding on the ladder at the side of the railroad car to pass this truck if he was engaged in riding in the ordinary manner.

In order for plaintiff to recover, he must show defendants were reasonably bound to anticipate he might be riding upon the side of the railroad car on the ladder, and would be engaged in uncoupling the car on the switch track so as to be likely to be injured by coming in contact with the furniture truck sitting near the railroad track. The basis of plaintiff's right to recover must be defendants' negligence. That is, he must show defendants failed to exercise due care in that it did something which a reasonably prudent man would not have done under the circumstances, or defendants failed to do something which a reasonably and ordinarily prudent man would have done under the circumstances. As applied to the facts in this case, the plaintiff was bound to anticipate such trucks and structures incident to the operation of the manufacturing business of defendants as were usually necessary in the loading and unloading of freight from the railroad company's cars.

There was no proof in this case except that arising from the ownership of the premises that the

furniture truck in question was left in the location where it was found by defendants' employees, no proof it was not left in that position by employees of the railroad company. There was no proof defendants had any knowledge of the dangerous location of such truck in proximity to the railroad track, and no proof defendants had been guilty of negligence in not removing the truck after they had knowledge of its dangerous location, no proof that they had been guilty of negligence in failing to warn the plaintiff and other employees of the railroad company of its dangerous location. 3 Elliott on Railroads (2d Ed.), § 1269. We are constrained to hold, in view of the law as previously laid down by this court, plaintiff has not sustained the burden of proving either defendants' negligence, that he did not assume the risk, or that he was free from contributory negligence himself.

Judgment reversed, with costs. Cause remanded, with direction to enter judgment for defendants.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.